Rodgers (et ux., Appellant), v. Saxton.

480

Argued May 26, 1931. Before Frazer, C. J., Walling, Simpson, Kephart, Schaffer and Maxey, JJ.

*Edmund C. Wingerd,* with him *J. Glenn Benedict,* for appellant.—The owner of any automobile is not liable for its negligent use to the injury of a stranger, by one to whom he has loaned it and who was in complete control of its operation, although the owner was, at the time of the accident, present in the machine as a guest: Hariety v. Miller, 130 N. W. 336; Scheel v. Shaw, 252 Pa. 451.

The fact that a wife is riding in her automobile with her husband, who is driving, does not of itself show either the relation of principal and agent or of joint enterprise. One who avers a fact to excuse his own misfeasance must prove it: Beatty v. Gilmore, 16 Pa. 462.

The mere fact that the driver of an automobile and a person riding with him are going to the same place does not constitute a joint enterprise so as to make the contributory negligence of the driver imputable to the other: Hoffman v. R. R., 278 Pa. 246; McLaughlin v. R. R., 252 Pa. 32; Dunlap v. P. R. T. Co., 248 Pa. 130; Martin v. P. R. T. Co., 265 Pa. 282.

The extent to which one riding as an invited guest in an automobile should anticipate an impending peril and act in relation thereto depends on the facts of each case and is ordinarily a question for the jury. It is only where the evidence is clear that the court should say, as a matter of law, that the guest was negligent.

*Paul M. Crider,* with him *William S. Hoerner* and *T. Z. Minehart,* for appellee.—The case in the Supreme Court, which, both by its facts and by its law, rules the case in hand in favor of defendant is that of Strohl v. Levan, 39 Pa. 177. See also Cox v. Wells, 37 Montg. 64; Crouse v. Lubin, 260 Pa. 329; Smith v. Jamison, 89 Pa. Superior Ct. 99.

Catherine G. Rodgers would have been held negligent personally under the circumstances had she been a guest and not the owner of the car: Davis v. Ice Co., 285 Pa. 177; Alperdt v. Paige, 292 Pa. 1; Joseph v. Ry., 294 Pa. 315; Martin v. R. R. Co., 265 Pa. 282.

OPINION BY MR. JUSTICE MAXEY, December 4, 1931:

On August 8, 1928, Louis M. Rodgers was driving eastward on the Lincoln Highway near Chambersburg a sedan owned by his wife, Catherine, who sat in the front seat with him and their two children. All were going to Atlantic City on a vacation, though their immediate destination was Gettysburg. About 3 p. m. this car approached the intersection of the Mercersburg Road with the Lincoln Highway. The estimate of Rodgers' speed varied from his own estimate of 30 or 35 miles an hour to the estimate of others of 50 or 60 miles an hour. The defendant, Fred F. Saxton was driving at the same time a Chevrolet sedan west on the Lincoln Highway. Opposite the intersection of the Mercersburg Road he turned his car to the left across the Lincoln Highway southward and the two cars collided at a point about 18 inches south of the white line in the center of the road. The testimony as to whether Saxton gave any signal or sign of his intention to cross the highway was contradictory. The Saxton car remained in the road and the Rodgers car veered to the right and struck a telephone pole, damaging the car and injuring Mrs. Rodgers, one of the plaintiffs, the present appellant. Mrs. Rodgers testified that she noticed the Saxton car turning toward the Mercersburg Road just

as the Rodgers car reached the intersection, and she then said to her husband, "Watch him, Lou." The collision immediately followed and Mrs. Rodgers was rendered unconscious. The jury in their verdict declared that they found Fred F. Saxton guilty of negligence and they found Louis M. Rodgers' negligence contributed to the accident. They returned a verdict for Catherine G. Rodgers, plaintiff, in the sum of $1,527.09. The defendant moved for judgment n. o. v. on the ground that the contributory negligence of Louis M. Rodgers was imputable to her. The court below refused the motion and entered judgment for Mrs. Rodgers on the verdict. An appeal was taken to the Superior Court, which court reversed the court below and entered judgment for the defendant. The case is now before us on appeal from the judgment of the Superior Court.

The Superior Court based its judgment on two propositions: (1) That Mrs. Rodgers and her husband had joint control of the car, not from the fact alone that they were husband and wife, but from "the further proof that she was the owner and an occupant of the car." The Superior Court said on this point: "The owner of the car certainly had some voice in the control of her own machine in which she was riding, when on a trip in which she was jointly interested with her husband in the common purpose of reaching their destination. ...... Under the undisputed evidence in this case, the relation of principal and agent existed between the husband and wife and she was chargeable with his negligence." (2) That since Mrs. Rodgers (the passenger) and her husband (the driver) were engaged in the prosecution of a joint enterprise or adventure at the time of the accident, the negligence of Rodgers, the driver, was imputable to his wife, the passenger. The Superior Court said on this point: "At the time of the accident the wife and husband were jointly engaged in a common purpose—they were mutually interested in

going to Gettysburg; that constituted a joint enterprise."

With these two propositions we disagree. A joint or shared control of an automobile in which one is riding as a passenger does not necessarily arise from the passenger's marital relationship with the driver or from the fact that the passenger is the car's owner. The inference that the owner of the car was the bailor and the driver was the bailee is an equally logical inference, and upon a rule for judgment for defendant, n. o. v., the plaintiff must be given the benefit of every fact and inference of fact pertaining to the issues involved which may be reasonably deduced from the evidence: Guilinger v. P. R. R., 304 Pa. 140. Mrs. Rodgers' presence in the car does not exclude, as appellee contends, the theory of bailment. If she delivered that car to her husband, or he took it with her consent, for the purpose of the trip, he was the bailee of it and she was bailor and guest. There is no rule of law which makes a bailment terminable upon the bailor's sharing with the bailee the use and enjoyment of the subject of the bailment. The owner of an automobile is not liable for its negligent use to the injury of a stranger by one to whom he had loaned it and who was in complete control of its operation, although the owner is at the time of the accident present in the machine as a guest: Hartley v. Miller, 130 N. W. 336 (Mich.); Scheel v. Shaw, 252 Pa. 451, 454.

That the relation of principal and agent does not arise from the marital relationship is well settled. "The relation of agency cannot be inferred from mere relationship or family ties unattended by conditions, acts, or conduct clearly implying an agency": 2 Corpus Juris, section 35, page 440. "The agency of the husband for the wife is not to be implied, inferred, or presumed from, or deemed to be created or established by, the marital relation alone; there must be other proof": 30 Corpus Juris, section 171, page 623.

The relation of principal and agent or that of master
and servant does not necessarily arise from the fact that
the wife owns the car which her husband is driving and
in which she is a passenger. It is not unusual for a hus-
band to buy a car for his wife or his child. He may do
so merely to give them the pleasure of seeing their in-
itials painted on the door. The husband and father who
makes such a gift does not thereby abdicate his legal or
factual headship of the family, nor is he excluded from
the control of that car when he is sitting in the driver's
seat of authority, even though the wife or child who may
be the nominal owner is at his side. Nor is the husband-
driver necessarily the agent or servant of his wife-pas-
senger even in those cases where the wife herself has
purchased the car with her own funds and has registered
her ownership. The husband is still the head of the
family, and when he is at the wheel of that car, even
with his wife present, the presumption is that he is in
control of the car, and, in the absence of evidence to the
contrary, he is solely responsible for its operation.
Ownership of a car does not necessarily mean control
of that car, any more than ownership of any other prop-
erty necessarily means control of it. An owner who
leases or bails his property to another may even be a
trespasser on his own property.

Our conclusion that a wife who is riding in her own
automobile while it is being driven by her husband is
not prima facie chargeable with the husband's negli-
gence in driving the automobile is the law in other juris-
dictions also. See Southern R. R. Co. v. Priester, 280
Fed. 945. In Virginia Ry. & Power Co. v. Gorsuch
(Va.), 91 S. E. 632, the court said: "It may be regarded
as settled by the overwhelming weight of authority that
the negligence of the driver of an automobile will not be
imputed to a mere passenger, unless the passenger has
or exercises control over the driver. The negligence of
the servant is imputed to the master, because the master
employs and can discharge the servant and direct his

actions. It seems to be well settled that the negligence of a husband driving an automobile is not, as a general proposition, imputable to his wife merely because of the marital relation. ...... It is earnestly claimed, however, that, because of the fact that Mrs. Gorsuch owned the automobile involved in this collision, none of the rules above stated are applicable to this case, and that Mrs. Gorsuch, as the owner of the machine, had such control, or right of control, over it as to make her responsible for the negligence of her husband. We cannot agree with this suggestion. Mr. Gorsuch was the gratuitous bailee of her automobile and had been for a week before the accident. His control of it while his wife remained in Baltimore was as absolute as if he had owned the machine, and the casual visit of Mrs. Gorsuch to Richmond did not change this control." In that case both Gorsuch and his wife were in the machine at the time of the accident.

As to the lack of agency in this case, we agree with President Judge DAVISON, of the court of common pleas, when he said, in refusing to enter judgment for the defendant n. o. v.: "To hold that the facts, as shown here, constituted agency would be carrying the principle of implied agency too far. If one is riding in a vehicle with another who is his agent or employee, he is responsible for his acts, but to hold that when a husband drives the car of his wife, she being in it, that he is her agent without any proof of how or under what circumstances he is driving it, is to go much further than the law has done or we are willing to do."

With the second proposition, supra, of the Superior Court we must also disagree. The injection into judicial discussions of this class of cases of the phrases "joint enterprise" and "common purpose" has made not for clarity but for confusion, for at least two reasons: First, there is no standard of "joint enterprise" or "common-purpose" and no practicable method of determining what is such an enterprise and such a purpose.

Purposes are so manifold that the same two people may have at the very time they are acting together some purposes in common and some that are adversative. For example, two attorneys traveling in the same vehicle to their county seat have a common purpose to arrive there but this may be only preliminary to their respective diverse purposes to represent while there opposing sides in the same litigation. Could or could it not be said that in making the journey they had a community of interest in the objects and purposes to be subserved? Secondly, even though the fact should be established in a given case that the driver and the passenger of a vehicle were engaged in an admittedly joint enterprise at the time the driver was negligent, that fact alone would not tend to prove that the passenger had a right to share in the vehicle's control. The fact that Mrs. Rodgers and her husband had in motoring at the time of the accident, a common purpose to reach Gettysburg and later to enjoy a vacation together at Atlantic City, supports no inference that she had a share in the control of the car.

There is no legal distinction between the phrases "joint enterprise" and "the prosecution of a common purpose." Anything that two or more persons are engaged in may with equal correctness be characterized by either phrase. If a driver of an automobile and a passenger in that automobile are "prosecuting a common purpose" in motoring, the passenger may or may not have any right to a share in the control of that automobile. If such right to share in a vehicle's control is alleged, it must be proved. The proof may, as in other cases, be direct or circumstantial. There may be cases where it will clearly appear that driver and passenger are engaged in what obviously can be accepted as a "joint enterprise," and this enterprise may be attended by such circumstances as upon proper submission may logically lead a jury to infer that the passenger had a right to share in the vehicle's control.

It is only when the driver is the servant or agent of the passenger at the time of the negligent act and that act is committed within the scope of the servant's or agent's employment, or when the driver and the passenger are business partners and the operation of the vehicle is in furtherance of the partnership business, that the negligence of the driver will from the mere relationship of the parties be imputable to the passenger. In all other cases the test is, did the passenger have a right to a share in the control of the vehicle? Responsibility is commensurate with authority. As the Supreme Court of Minnesota aptly said in Koplitz v. City of St. Paul, 90 N. W. 794: "Negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right or power to control it."

As early as 1875, this court, in Mann v. Weiand, 81½ Pa. 243, held that the negligence of the driver of a team of horses hitched to a wagon could not be imputed to a passenger in that wagon when the latter had no control or authority over the driver of the team. In Johnson v. Hetrick, 300 Pa. 225, this court held that "to fix this status [i. e., an actor in a joint enterprise] on a passenger in an automobile which meets with an accident, not only must there exist, between the injured person and the participant alleged as responsible for the accident, a common purpose to be served in the use of the car, but there must also be evidence which would warrant a finding that such injured person had some right to a 'voice in the control, management or direction of the vehicle.' "

The negligence of the driver of a vehicle can be imputed to a passenger therein only when the evidence justifies a finding of the passenger's right to a share in the control of that vehicle at the time of the negligence. This is the test of such imputability whether the driver and the passenger were engaged at the time in a "joint enterprise" or not. In the case before us, proof of the

passenger's right to a share in the control of the auto-mobile at the time of the driver's negligence, is wanting.

While the negligence of the driver of the car in this case cannot be imputed to Mrs. Rodgers, there is a fur-ther question of whether or not Mrs. Rodgers discharged her responsibility as a guest. " 'The rule is well estab-lished, that when possible dangers, arising out of the negligent operation of a hired vehicle or a conveyance in which one is riding as an invited guest, are manifest to a passenger, who has any adequate opportunity to con-trol the situation, if he sits by without protest and per-mits himself to be driven on to his injury, this is negli-gence which will bar recovery.' A passenger is charge-able with the driver's negligence in so far as he concurs therein, and failure to protest against reckless driving amounts to a concurrence": Martin v. P. R. R., 265 Pa. 282, 285.

It is always incumbent upon a guest to exercise proper care and not sit quietly by and fail to see danger that is plainly imminent: Dunlap v. P. R. T. Co., 248 Pa. 130, 133.

The question of Mrs. Rodgers' contributory negligence was a question for the jury and it was submitted to the jury by the learned trial judge so clearly and compre-hensively as to invite no exception. There is nothing in the record of this case which would justify the hold-ing that as a matter of law Mrs. Rodgers was guilty of contributory negligence.

The judgment of the Superior Court is reversed and the judgment of the Court of Common Pleas of Franklin County is reinstated and affirmed.

Mr. Justice SCHAFFER and Mr. Justice DREW dissent and would affirm the judgment of the Superior Court.