## Wilson *v.* Walker, Appellant.

Argued September 27, 1933. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Harry C. Golden,* for appellant.

*Harry A. Heilman,* for appellee, was not heard.

PER CURIAM, November 27, 1933:

Plaintiff was injured when the automobile in which he was riding in the rear seat with defendant, as the latter's guest, ran partially off the paved roadbed and collided with the concrete sidewall of a bridge. The car was owned by defendant but at the time of the accident was being operated by his sixteen-year-old son who was driving on a learner's permit. Two other persons were present in the car with defendant and all were on their way home to Apollo from a religious meeting held in Kittanning. The collision occurred when defendant's son attempted to pass another car while rounding a right-hand curve of about four and a half degrees at 40 miles a hour. The vision of the driver was partially obscured as the night was somewhat foggy and misty. At the trial the jury returned a verdict in plaintiff's favor. Defendant has appealed from the refusal of his motion for judgment non obstante veredicto, alleging there was no evidence of negligence on the part of the driver of the car, and, secondly, that even if such negligence be held to exist, it created no liability on the part of defendant, since the occupants of the car were engaged upon a joint enterprise and the negligence of the driver would not be imputed to defendant. Citing Perry v. Ryback, 302 Pa. 559.

The bare statement of facts as outlined above is adequate answer to defendant's contention of lack of evidence of negligence sufficient to submit the case to the jury. The second point is equally unfounded, for the reason the facts fail to indicate a situation which can be classed as a joint enterprise. True, the parties were returning from a meeting which all had attended and they were proceeding toward a common destination, but there was wanting the essential element of control of the car

or its driver by appellee. In Johnson v. Hetrick, 300 Pa. 225, 231, we said, that before a passenger in an automobile which meets with an accident may be deemed an actor in a joint enterprise, "not only must there exist, between the injured person and the participant alleged as responsible for the accident, a common purpose to be served in the use of the car, but there must also be evidence which would warrant a finding that such injured person had some right to a voice in the control, management or direction of the vehicle: Hilton v. Blose, 297 Pa. 458, 461; Joseph v. Pittsburgh & W. Va. Ry., 294 Pa. 315, 319," etc. See also Rodgers v. Saxton, 305 Pa. 479, 488, where we said: "The negligence of the driver of a vehicle can be imputed to a passenger therein only when the evidence justifies a finding of the passenger's right to a share in the control of that vehicle at the time of the negligence."

Appellant has filed a petition for reargument alleging that several features of the case were not sufficiently developed before us. The matters referred to having been fully considered, the prayer of the petition is hereby refused.

Judgment affirmed.