## Marmar et al. *v.* Farrell (Connor, Appellant).

Argued October 11, 1934.

Before TREXLER, P. J., KELLER, CUNNING-

HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Algernon R. Clapp,* of *White, Schnader, Maris & Clapp,* for appellant.

*A. S. Ashbridge, Jr.,* for appellees.

OPINION BY PARKER, J., March 1, 1935:

The minor plaintiff, Anna Marmar, and her father, Jacob Marmar, have judgments against Daniel F. Connor in an action to recover damages on account of injuries suffered by the minor in an automobile collision. On appeal to this court the defendant Connor complains of the refusal of his motion for judgment n. o. v. The minor was riding in a car owned and operated by Frank F. Farrell when the car collided with another automobile driven by Daniel F. Connor. Farrell and Connor were made defendants in this action and verdicts were rendered for plaintiffs against each defendant. The minor and Farrell were employed by Hoyt Brothers and were engaged in "furthering their employer's business" at the time of the collision. Appellant insists that the plaintiffs are, as a result, barred from recovery by reason of

the negligence of Farrell. This presents the sole question raised on this appeal.

The minor plaintiff, with Elsie Weiss and two other young women, had been engaged for some time in selling articles for Hoyt Brothers whose office was in Philadelphia. Each morning the solicitors were taken to the field of their operations in the outskirts of Philadelphia and surrounding territory by an employee of the firm, and in the evening they were taken back to the office to write up the orders received and hand them in to the company. On the evening of the accident, the young ladies ceased soliciting at Doylestown, Pennsylvania, at about 5:00 P. M., and were on their way to the office when the accident occurred. The transportation was usually furnished for Hoyt Brothers by a crew manager, but on the day of the accident Farrell, who was branch manager of that organization, took his own car, by direction of the employer, for the purpose of bringing the girls to the office. The plaintiffs' uncontradicted evidence established the fact that Farrell and the minor plaintiff were co-employees of Hoyt Brothers engaged in their employment with the firm at the time of the collision and, as we understand it, that conclusion is not disputed by the appellee.

The appellant suggests that the negligence of the employee should be imputed to the minor plaintiff as the two were engaged in a joint enterprise or the prosecution of a common purpose. We are all of the opinion that this case is ruled by the principles stated in Rodgers v. Saxton, 305 Pa. 479, 158 A. 166. While the relationship between the plaintiff and the driver of the car in that case and in this one are not the same, the underlying rule is clearly stated by Mr. Justice MAXEY as follows (p. 488): "It is only when the driver is the servant or agent of the passenger at the time of the negligent act and that act is committed

within the scope of the servant's or agent's employment, or when the driver and the passenger are business partners and the operation of the vehicle is in furtherance of the partnership business, that the negligence of the driver will from the mere relationship of the parties be imputable to the passenger. In all other cases the test is, did the passenger have a right to a share in the control of the vehicle? Responsibility is commensurate with authority. As the Supreme Court of Minnesota aptly said in Koplitz v. City of St. Paul, 90 N. W. 794: 'Negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right or power to control it.' " As is pointed out in that opinion the rule was not new, for in Johnson v. Hetrick, 300 Pa. 225, 231, 150 A. 477, Mr. Chief Justice Moschzisker said: "The better view, however, is that, to fix this status on a passenger in an automobile which meets with an accident, not only must there exist, between the injured person and the participant alleged as responsible for the accident, a common purpose to be served in the use of the car, but there must also be evidence which would warrant a finding that such injured person had some right to a 'voice in the control, management or direction of the vehicle.' " Also, see Schlossstein v. Bernstein, 293 Pa. 245, 142 A. 324.

This is also precisely what was said by Chief Justice Frazer in Carlson v. Erie R. R. Co., 305 Pa. 431, 436, 437, 158 A. 163: "We deem unnecessary a discussion of the theory underlying the common purpose doctrine as enunciated in Dunlap v. P. R. T. Co., 248 Pa. 130, and the host of cases which have followed it. Briefly stated, 'In determining whether one suing for injuries occupied the position of an actor in a joint enterprise, the better view ...... is that, to fix this status on a passenger in an automobile which meets with an ac-

cident, not only must there exist, between the injured person and the participant alleged as responsible for the accident, a common purpose to be served in the use of the car, but there must also be evidence which would warrant a finding that such injured person had some right to a "voice in the control, management or direction of the vehicle."'" Also, see Winters v. York Motor Express Co., 116 Pa. Superior Ct. 421, 176 A. 812 (opinion handed down January 31, 1935); Wilson v. Walker, 313 Pa. 69, 71, 169 A. 141.

There are not any circumstances present in this case from which it could be inferred that the minor had any voice in the control or management of the car in which she was riding. Her service to the common employer consisted of selling merchandise in outlying districts and reporting such sales to the central office. Farrell was, for the time being, engaged exclusively in transporting the employees from the field to the office. Each was a separate and distinct employment. The young women who were being brought back to the office had no more duty or right by virtue of this common employment to direct how the car should be operated than they would to direct the stoker of a furnace in the office building where they made their reports how he should conduct his operations.

The fact that the driver and passenger had a common employer did not of itself constitute such a joint enterprise or common purpose as is frequently referred to in the cases dealing with this subject. The principle is thus stated in Restatement of the Law of Torts, §491d: "The fact that the plaintiff and the driver are fellow-servants of a common master and are both acting in the course of their master's employment and in furtherance of his business does not make them participants in a joint enterprise, and this is true irrespective of whether the vehicle is owned by the

master, the fellow-servant driver or by the plaintiff himself."

As was pointed out by the Chief Justice in the Carlson case, above quoted, it is unnecessary to enter into a discussion of the theory underlying the common purpose doctrine or the cases relied on by the appellant, for there is here no evidence warranting a conclusion that the minor plaintiff had a voice in the control, management, or direction of the vehicle.

Judgment affirmed.