## Ward *v.* Philadelphia Rapid Transit Company, Appellant.

Argued November 20, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*J. J. Tunney,* with him *David I. Scanlon* and *Bernard J. O'Connell,* for appellant.

*Arthur M. Cooper,* with him *Max Aron* and *Bernard S. Magen,* for appellee.

OPINION BY KELLER, J., March 13, 1935:

This was an action of trespass for damages resulting from a collision between a truck, in which the plaintiff was riding, and the defendant's trolley car. On

this appeal the negligence of defendant's motorman is not contested. It contends, however, that judgment should be entered in its favor non obstante veredicto because of plaintiff's contributory negligence.

The material facts may be briefly summarized as follows: When the truck, in which the plaintiff was riding, traveling south on 37th Street, got to the house line of Lancaster Avenue, the plaintiff looked and saw the trolley car to his left about 200 feet down Lancaster Avenue, coming at normal speed. The truck stopped a second or two to let off one of the men and then went on and as it got about three feet from the first car rail, plaintiff looked again and saw the trolley car about 60 feet away on Lancaster Avenue. Thirty-seventh Street is thirty-four feet wide between curbs, so defendant's trolley car was then about forty feet beyond the intersection. The truck proceeded, but was hit by the trolley car before it cleared the track. Plaintiff stated that he saw the driver look in the direction of the trolley when three feet distant from the track. He testified: "Q. Did Nolan [the driver] look in that direction? A. Yes, we both looked down. We thought we had time to get over. We didn't think there was going to be an accident. We thought it was going to stop." It is conceded that the plaintiff said nothing to the driver of the truck when the latter started across the track in this situation.

After giving full instructions to the jury on the subject of contributory negligence, to which the defendant takes no exception, the trial judge proceeded: "You make up your minds—if you find the motorman was guilty of lack of care—as to whether or not the plaintiff could and should have spoken to the driver of his truck as it started across those tracks. If he could, and should, have done so, the law requires him to do it, and failure to do so would be lack of care. If, however, under the circumstances, he either could not, or

should not, have intervened, then he would not be guilty of contributory negligence.''

We think, in the circumstances shown by the evidence in the case, this was a correct statement of the law. The evidence of plaintiff's contributory negligence was not so clearly established as to warrant the court in giving binding instructions to the jury.

It is true that the case is similar in some of its facts to the cases of Kirschbaum v. Phila. R. T. Co., 73 Pa. Superior Ct. 536, and Lits v. Phila. R. T. Co., 97 Pa. Superior Ct. 344, in which we held the plaintiff to be guilty of contributory negligence as matter of law; and bears some resemblance to Kilpatrick v. Phila. R. T. Co., 290 Pa. 288, 138 A. 830, and Joseph v. P. & W. Va. Ry., 294 Pa. 315, 144 A. 139, also relied on by appellant, in which a recovery was denied on the ground of contributory negligence, but there are differences in the material facts sufficient to justify the submission of this case to the jury.

In Kirschbaum v. Phila. R. T. Co., supra, the plaintiff was riding with a co-employee, who was driving a team of horses westwardly, at a walk, in the north trolley track on Snyder Avenue. When they came to Passyunk Avenue they saw defendant's trolley car approaching them very fast on the south track on Snyder Avenue, and only seventy-five feet away. The plaintiff allowed the driver, without protest, to turn his team of walking horses directly across the path of the rapidly approaching trolley car. In Lits v. Phila. R. T. Co., supra, the story of the plaintiff was so manifestly impossible that we held the court should have instructed the jury to disregard it (p. 350). In Kilpatrick v. Phila. R. T. Co., supra, Kilpatrick was the driver of the automobile and failed to look before entering on the track on which he was struck (p. 293); the guest riding with him, Carlin, was held not guilty of contributory negligence as matter of law. In Jo-

seph v. Pitts. & W. Va. Ry., supra, the plaintiff who was riding with the driver, did not see the approaching train until it was forty to sixty feet away, although if he had looked he would have had a clear view for 525 to 600 feet.

Every negligence case must stand on its own facts. There are cases which come close to the border line, where small differences of fact require different decisions, and it is not possible to set forth all these differences in a short opinion. The question of plaintiff's contributory negligence is one for the jury to pass upon, unless the negligence *clearly appears in the plaintiff's own case.* If there is any doubt on the matter, the question is one for the jury. A careful review of the evidence presented on behalf of the plaintiff in this case does not so clearly establish his negligence as to warrant our ruling that he was negligent as matter of law.

Nor is the plaintiff precluded from recovering in this action by reason of the fact that he and the driver of the truck in which he was riding were co-employees, engaged, at the time of the accident, on the common business of their employer. We have ruled, following Carlson v. Erie R. R. Co., 305 Pa. 431, 158 A. 163; Rodgers v. Saxton, 305 Pa. 479, 158 A. 166; Johnson v. Hetrick, 300 Pa. 225, 150 A. 477, and other Supreme Court cases, that the 'joint enterprise' doctrine which imputes negligence, in certain circumstances, as respects third persons, to one engaged in a joint enterprise, or in the prosecution of a common purpose, with the negligent driver of a vehicle, will be applied only where the evidence warrants a finding that the accompanying employee had authority over the driver, or joint control with him—that is, some right to a voice in the control, management and direction—of the vehicle. See Winters v. York Motor Express Co., 116 Pa. Superior Ct. 421, 176 A. 812, opinion by Judge JAMES.

In the present case the plaintiff was only a helper of the driver and had no authority over the latter nor joint control with him of the automobile.

Judgment affirmed.