McDougall v. Schaab, Appellant, et al.

Argued December 14, 1934.

Be-
fore KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and
PARKER, JJ.

*J. Rouse Burns,* for appellant.

*Claude O. Lanciano,* and with him *William Charles Brown,* for appellee.

OPINION BY PARKER, J., April 15, 1935:

The plaintiff, William McDougall, was injured in a collision of automobiles at a street intersection and has judgment against N. J. Miller, driver of the car in which he was riding, and against Raymond Schaab, the driver and owner of the other car. The defendant,

Raymond Schaab, has appealed contending that he was entitled to judgment n. o. v. on the grounds that plaintiff was guilty of contributory negligence in not warning the driver of his car of an apparent danger, and because the driver was a co-employee of the plaintiff and the negligence of the driver should therefore be imputed to the plaintiff.

In considering a motion for judgment n. o. v., not only must the testimony be read in a light most favorable to plaintiff and all conflicts therein resolved in his favor, but he must be given the benefit of every fact and inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence: Guilinger v. Penna. R. R. Co., 304 Pa. 140, 144, 155 A. 293. We will review the evidence in such light.

Woodland Avenue and 58th Street in the City of Philadelphia intersect at right angles, Woodland Avenue being eighty feet in width with forty-four feet of cartway on which are two street railway tracks, and 58th Street having a width of seventy feet with forty feet of paved roadway. Plaintiff was seated next to the driver, N. J. Miller, on the front seat of a truck owned by Marinelli Baking Company and had been engaged in delivering bread to customers. The plaintiff thus discloses what took place immediately before and at the time of the accident: ''We were coming down 58th on the east side at a slow speed. As we reached the north curb line of 58th and Woodland Avenue I looked to the right and I seen a passenger car about 100 feet west on Woodland Avenue. We proceeded across, I guess at about 10 or 12 miles an hour. As we passed the second tracks I looked again and saw this car about 50 feet away, and when we reached the south curb line of Woodland Avenue we felt a crash, and the next thing I knew we were facing north on Woodland, and I was crouching down on the floor

of the truck." He further testified that the other car was approaching at a "moderate speed"—twenty-five to thirty miles an hour—when he first observed it and that he saw it when it was forty feet away when it was moving at the rate of thirty miles an hour. The fair inference from the plaintiff's testimony is that the driver of the car in which plaintiff was riding slowed down at the curb line and continued at the rate of ten or twelve miles an hour to the point of accident. A witness who had no previous acquaintance with the plaintiff or defendant testified that when he saw defendant Schaab's car for the first time it was moving at the rate of twenty or twenty-five miles an hour, and he corroborated the plaintiff as to the rate at which the car in which he was riding was moving, but stated positively that that car came to a stop at the curb line and again moved forward. The plaintiff and defendant appellant were in accord in stating that the collision occurred south of the street car tracks, and the plaintiff admits that he made no complaint in regard to the management of the car by the driver and that he did not call the attention of the driver to the approach of the other car. The driver, Miller, testified that he did not see defendant's car until about the time of the collision. There was not any evidence that plaintiff had any voice in the control or management of the car.

In the very recent case of Marmar v. Farrell, 116 Pa. Superior Ct. 586, 177 A. 224 (opinion handed down March 1, 1935), we held that the fact that the driver and passenger in an automobile had a common employer and were engaged in the master's business at the time did not, of itself, constitute such a joint enterprise or common purpose as is frequently referred to in cases dealing with the responsibilities of passengers in automobiles. As we there held, so here, we are of the opinion that the case is ruled by the prin-

ciples stated in Rodgers v. Saxton, 305 Pa. 479, 158 A. 166, and that since the passenger in the car had no share in the control or management of the vehicle, the negligence of the driver of the car is not to be imputed to the passenger. Also, see Johnson v. Hetrick, 300 Pa. 225, 231, 150 A. 477; Carlson v. Erie R. R. Co., 305 Pa. 431, 436, 437, 158 A. 163; Wilson v. Walker, 313 Pa. 69, 71, 169 A. 141; and Winters v. York Motor Express Co., 116 Pa. Superior Ct. 421, 176 A. 812 (opinion handed down January 31, 1935); Ward v. Philadelphia R. T. Co., 117 Pa. Superior Ct. 120, 177 A. 485 (opinion handed down March 13, 1935).

The trial judge carefully submitted to the jury the question as to whether the plaintiff was guilty of contributory negligence in not warning the driver of the approach of the other car. We are of the opinion that the question so submitted was for the jury and not for the Court. In the case of Ward v. Phila. R. T. Co., supra, the facts bearing on the failure of plaintiff to warn the driver were strikingly similar to those in the present case, except that there the collision was between an automobile and a street car while here it was between two automobiles. There Judge KELLER distinguished the cases relied upon by the appellant and we held that the question of plaintiff's contributory negligence was for the jury. In the present case the situation is even more favorable to the plaintiffs for a greater degree of care is required of one who undertakes to cross a railway track or to pass in front of an approaching trolley car than of one who is about to cross the line of travel of another automobile.

Schwenk v. Penna. R. R. Co., 315 Pa. 434, 174 A. 1, also relied upon by appellant, is an example of a case where the failure of a passenger to warn the driver of an automobile was held to be contributory negligence. There the plaintiff, a passenger in a car driven

by his brother, when they were approaching a dangerous railroad crossing with which they were both familiar and their view of the tracks was obstructed by a box car, failed to warn the driver to stop. They drove onto the main track of the railroad when the car was struck by a locomotive, and if either had looked he could have seen the approaching train. There was involved there not only the duty to stop before crossing, but also a duty to constantly look and listen with the utmost care until they had passed over the track. The rights of the railroad company at the crossing were superior to those of the operator or passenger in the automobile. We have a very different situation in the case of two cars approaching an intersection where each must do so with the car under control. Drivers of such cars are constantly called upon to give way to each other in order that traffic may not be impeded.

While the jury have, by their verdicts, found the drivers of both cars to have been negligent, and we must assume such to be the facts, the driver of the bakery wagon was proceeding at a rate of ten or twelve miles an hour so that he could have stopped in a short distance. The plaintiff knew that there was no traffic on the north side of Woodland Avenue and may well have assumed that his driver would stop before crossing the line of travel on the south side of that street, but the driver did not stop and, as the jury have found, was negligent in so acting; but we have not a position where we can say as a matter of law that the plaintiff should have interfered for, in fact, to have done so might have increased the danger. It was clearly a case for the jury, taking into account all the circumstances, to determine whether plaintiff was negligent in not speaking. As was said by Judge KELLER in Ward v. Phila. R. T. Co., supra, "the question of plaintiff's contributory negligence is one for

the jury to pass upon, unless the negligence clearly appears in the plaintiff's own case. If there is any doubt on the matter, the question is one for the jury." The case was correctly decided by the court below.

Judgment affirmed.