Mork et ux., Appellants, *v.* Caslov et al.

Argued March 30, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Armin H. Friedman,* with him *Charles B. Prichard,* for appellants.

*Harold E. McCamey,* with him *Hamilton A. Robinson,* of *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE BARNES, June 25, 1937:

On August 16, 1933, shortly after eight o'clock in the evening, the plaintiff, Blanche Mork, was injured while riding in an automobile, which was owned and driven at the time by her sister, Mrs. Steelnack. It appears that earlier in the evening plaintiff and her sister had visited an attorney to discuss a replevin suit in which plaintiff was involved. At the time of the accident she was being driven by the sister to the office of a bondsman, so that she might make arrangements for a replevin bond. She was riding upon the rear seat of the car, while a Mr. Lofgren was on the front seat beside the driver. They were proceeding in a southerly direction on Market Street, in the City of McKeesport. It was raining and dark at the time. As the car was making a left turn into Fifth Avenue to go easterly thereon, an automobile driven by the defendant, David Caslov, proceeding north on Market Street, collided with the rear of the car in which plaintiff was riding, resulting in serious injury to her.

Upon the institution of this action of trespass by husband and wife, Caslov, the defendant, by writ of scire facias, brought Mrs. Steelnack upon the record as an additional defendant. The case was submitted to the jury upon a charge in which the trial judge said that as a matter of law, under the facts and circumstances, the driver of the car was constituted the agent of plaintiff because she was engaged in transporting plaintiff from her own premises at the time of the accident, and there-

fore any negligence on the part of the driver was attributable to plaintiff. He also charged the jury as follows: ". . . if you should find from the testimony that the happenings which resulted so seriously and disastrously to Mrs. Mork were due to the combined negligence of Caslov and Mrs. Steelnack, then under those circumstances your verdict would be for the defendant because she is responsible for the actions of Mrs. Steelnack. . . ." The trial judge also affirmed defendants' second point for charge, which is to like effect.

The jury returned a verdict against the plaintiffs and in favor of both defendants. It made a special finding that both the defendant, Caslov, and the additional defendant, Steelnack, were guilty of negligence. The court in banc refused plaintiffs' motion for a new trial; and directed that judgment be entered upon the verdict, from which the plaintiffs have appealed. They assign as error the portion of charge referred to, and also the affirmance by the court of defendants' second point for charge.

Whether the foregoing instruction to the jury was proper is the single question upon this appeal. The charge is based upon evidence which shows that the visit to the lawyer, and later to the bondsman, was made solely at the wife-plaintiff's request and for her benefit.* In view thereof defendant contends, and the court below ruled, that Mrs. Steelnack was operating her automobile

---

* Mrs. Steelnack, when called for cross-examination by plaintiff, testified as follows:

"Q. What was the occasion of this trip? A. We were going to attend to some business for Mrs. Mork. . . . Q. Had she requested you to take her to the attorney's office to prepare this business? A. Yes, sir. Q. Is that the reason you took her there? A. Yes. . . . Q. At the time this happened you had left the attorney's office and were taking her to get a bondsman at this other place? A. Yes. Q. That's the only reason you were going up? A. Yes. . . ."

at the time of the accident as the agent of plaintiff, and that any negligence of which she was guilty is imputable by law to the plaintiff.

On the other hand, the plaintiff argues that her status in the car was that of a guest passenger; that while the trip was undertaken for her benefit and at her request, she had no control of the car, nor did she assume to direct her sister in its operation; that the sister did not, as a matter of law, become her servant or agent merely because she extended to plaintiff the accommodation of a conveyance.

The status of an occupant of an automobile does not depend upon the fact that the purpose to be served is for his benefit, or even that the trip is made at his instance or request. In other words, the relation of master and servant, or of principal and agent does not arise in cases of this character solely from the fact that the occupant of the car is transported at his request, or in connection with some matter affecting his own interest, but it is essential to the existence of the relation, and the liability flowing therefrom, that he exercise, or attempt to exercise, some direction and control of the vehicle, or of the conduct of the driver thereof.

As stated, the court below reached the conclusion here that the driver of the car was the agent of plaintiff, because it found that "the sole business in hand, according to the admitted facts, was the adjustment of Mrs. Mork's legal difficulties." It held that the present case is ruled by the decisions of this Court in *Schofield v. Director General of Railroads*, 276 Pa. 508, and *Hepps v. Bessemer & Lake Erie Railroad Co.*, 284 Pa. 479, where the negligence of the driver in each case was imputed to the occupant of the car.

When we examine closely these two cases we find in both a participation by the occupant of the vehicle in its management, and a control exerted by him over the driver of the car. In the first case, Schofield requested a friend to drive a borrowed truck to transfer coal from

a lumber yard to his residence. He rode upon the truck and assisted in the loading and unloading of the coal. In crossing railroad tracks the truck was struck by a train and Schofield was killed. We held that the driver was in Schofield's employ in the transfer of the coal, and his negligence was imputable to his employer, so as to defeat recovery in an action brought for damages for his death. In the *Hepps* case, the plaintiff was engaged in business as a butcher, and having orders to deliver to his customers, requested an acquaintance who owned an automobile to drive him to the various delivery points. The car in which they were riding was struck by a locomotive at a railroad crossing, and plaintiff was injured. It was decided by this Court that the negligence of the driver was imputable to plaintiff, for he was actively exercising direction and control over both automobile and driver. As we said (p. 481) : "Clearly the driver of the car was plaintiff's agent or servant." The decision, therefore, in each of these cases is consistent with the rule as stated.

In the present case it does not appear that the plaintiff had any right or authority to give orders or directions to her sister for the operation of the car. When plaintiff entered the automobile it was at the express or implied invitation of her sister, whose passenger she was during the trip, even though plaintiff suggested or requested that it be made: *Simrell v. Eschenbach,* 303 Pa. 156, 161. The use of the automobile continued only during the pleasure of the sister, who was under no duty to obey any directions which plaintiff might attempt to give her with respect to where the automobile should be driven, or in what manner it should be used or operated. Hence in no true sense can it be assumed that the plaintiff was the principal or master of her sister while the latter was conveying her to the lawyer and bondsman. "A master is one who stands to another in such a relation that he not only controls the results of the work of that other, but also may direct the

manner in which such work shall be done": *McColligan v. Penna. Railroad Co.,* 214 Pa. 229, 232; *Eckert v. Merchants Shipbuilding Corp.,* 280 Pa. 340, 349.

Recent decisions of this Court place emphasis upon the rule above mentioned,—that there must be evidence of "some right to a voice in the control, management or direction of the vehicle" in order to impute to an occupant or passenger in a car the negligence of the driver. Reference may be made to the following cases as illustrative of the point: In *Johnson v. Hetrick,* 300 Pa. 225, Johnson, while a passenger in an automobile belonging to and driven by Hetrick, was killed on the way home from work. No express invitation was extended to Johnson by Hetrick to become his guest in the car, yet the evidence indicated that when in the car Johnson occupied that relation towards Hetrick. We said (p. 231): ". . . but there must also be evidence which would warrant a finding that such injured person had some right to a 'voice in the control, management or direction of the vehicle' . . . Here, the record contains evidence that Johnson had no such right. . . ." A verdict for the plaintiff was sustained.

*Rodgers v. Saxton,* 305 Pa. 479. In this case we said (p. 488): "The negligence of the driver of a vehicle can be imputed to a passenger therein only when the evidence justifies a finding of the passenger's right to a share in the control of that vehicle at the time of the negligence."

In *Wilson v. Walker,* 313 Pa. 69, a verdict and judgment for the plaintiff appellee were sustained, and the same principle was approved in the following words (p. 70): "True, the parties were returning from a meeting which all had attended and they were proceeding toward a common destination, but there was wanting the essential element of control of the car or its driver by appellee."

The same principle is stated in *Cox v. Roehler,* 316 Pa. 417, as follows (p. 419): "Nowhere is there evidence

which would suggest any sort of control or right of control by appellant over her husband's physical conduct in the performance of services, or in any respect whatever—a factor which is essential to the existence of the relation of master and servant and liability flowing therefrom." See also upon this subject *Landy v. Rosenstein,* 325 Pa. 209; *Watkins v. Overland Motor Frt. Co., Inc.,* 325 Pa. 312.

Whenever, on the contrary, the evidence establishes the fact, as we said in *Rodgers v. Saxton,* supra, (p. 488) that the *"driver is the servant or agent of the passenger at the time of the negligent act* and that act is committed within the scope of the servant's or agent's employment, or *when the driver and the passenger are business partners* and the operation of the vehicle is in furtherance of the partnership business, that the negligence of the driver will from the mere relationship of the parties be imputable to the passenger. In all other cases the test is, *did the passenger have a right to a share in the control of the vehicle?* Responsibility is commensurate with authority."

The owner of an automobile does not necessarily surrender his right to control the car by extending the courtesy of a conveyance to another, even though the purpose of the conveyance may be for the sole benefit of the passenger, and the question whether control is shared or surrendered to another is always one for the jury to determine: *Matthews v. B. & O. Railroad,* 308 Pa. 238.

We conclude that it was reversible error on the part of the trial judge to instruct the jury as a matter of law that Mrs. Steelnack was the agent of plaintiff, and that any negligence on her part was imputable to plaintiff. It was for the jury to say from the evidence whether plaintiff exercised a share in the control of the car, or whether its operation remained exclusively with Mrs. Steelnack.

Judgment reversed and a venire facias de novo awarded.