## McCormick Transportation Co. *v.* Philadelphia Transportation Co., Appellant.

534

Argued October 13, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent.)

*S. Regen Ginsburg,* with him *Bernard J. O'Connell,* for appellant.

*Sylvan M. Cohen,* with him *Reuben E. Cohen* and *Cohen & Cohen,* for appellee.

OPINION BY ROSS, J., November 12, 1947:

In this trespass action arising out of an intersection collision between a trailer truck owned by the plaintiff and a bus of the defendant company, the jury returned a verdict for the plaintiff for damages to its trailer truck. The defendant's motion for judgment n. o. v. was refused by the court below and defendant has taken this appeal.

The collision occurred on August 16, 1944, at 6:45 p.m., at the intersection of Essington Avenue, a through highway, and Tinicum Avenue, a stop street, in the city of Philadelphia. The weather was clear and bright and

the streets were dry. At the time of the collision, the plaintiff's vehicle was being operated in a southerly direction on Essington Avenue, a 50-foot concrete highway, and the defendant's easterly on Tinicum Avenue, a 22-foot macadam street. The intersection is free from obstructions to view from all directions, and the collision took place about the center of the intersection.

The question before us is whether the operator of the plaintiff's vehicle, Murray, was guilty of contributory negligence as a matter of law.

The question of his contributory negligence was one for the jury to pass upon unless the negligence clearly appeared in the plaintiff's own case. *Ward v. P. R. T.,* 117 Pa. Superior Ct. 120, 177 A. 485. Even though the jury in this case had not made a special finding—as it did—that the plaintiff's driver was not contributorily negligent, a general verdict for the plaintiff would have been a finding that he was free from contributory negligence (*Kulka v. Nemirovsky,* 314 Pa. 134, 170 A. 261) and we cannot hold him contributorily negligent as a matter of law unless the evidence of it is clear and unmistakable. *Murphy v. Bernheim & Sons, Inc.,* 327 Pa. 285, 194 A. 194; *Schildnecht v. Follmer Trucking Co.,* 330 Pa. 550, 199 A. 220; *Vunak v. Walters,* 157 Pa. Superior Ct. 660, 43 A. 2d 536. The evidence must be read in the light most favorable to the plaintiff since the jury found in its favor. *Christ v. Hill Metal & Roofing Co.,* 314 Pa. 375, 171 A. 607.

Murray testified that when he was 200 feet north of the intersection he saw defendant's bus the same distance west of the intersection and apparently slowing down for the stop sign, which was 55 feet west of the intersection. Murray's vehicle was then traveling between 30 and 35 miles an hour but he removed his foot from the gas pedal, which automatically slackened his speed. He looked to his left for traffic approaching from the east on Tinicum Avenue, looked in his rear mirror for traffic behind him—a truck was following him—and

then looked again at defendant's bus. At that time he was 50 to 75 feet north of the intersection traveling about 20 miles an hour. The bus, which had not stopped at the stop sign, appeared to be picking up speed and was about 55 feet away from the intersection. Murray gradually applied his emergency brake but at a speed of four or five miles entered the intersection where the collision occurred. He testified that if he had made a full application of his brakes he would have turned over.

Traveling on a through highway the plaintiff's driver had the technical right of way, although that did not relieve him from using proper care under the circumstances to avoid a collision with the defendant's bus. *Roth v. Hurd,* 140 Pa. Superior Ct. 401, 13 A. 2d 891. Section 1014 of the Motor Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS 573, gives the right of way to the vehicle . . . proceeding on a "through highway". but provides that this "shall not operate to relieve the driver of any vehicle from the duty to drive with due regard for the safety of vehicles entering such through highway, nor shall it protect the driver of any vehicle on a through highway from the consequence of an arbitrary exercise of such right of way". The right of way of a vehicle on a through highway is a qualified one and if the driver fails to observe the ordinary precautions in regard to speed and control of his vehicle and keeping a lookout for cars approaching an intersection, he may be held to be negligent. *Maio v. Fahs,* 339 Pa. 180, 14 A. 2d 105. In determining whether or not the plaintiff's driver in approaching the intersection was using reasonable care, it must be borne in mind that a driver having the right of way may assume within reasonable limits that one approaching on an intersecting road or street will obey the law and give him the right of way (*McNulty v. Horne Co.,* 298 Pa. 244, 148 A. 105) and he would not be chargeable with contributory negligence merely because he failed to anticipate the negligence of the other driver. *Reiter v. Andrews,* 155 Pa. Superior

Ct. 449, 38 A. 2d 508; *Handfinger v. Barnwell Brothers, Inc.,* 325 Pa. 319, 189 A. 312.

In asking us to declare plaintiff's driver contributorily negligent as a matter of law, appellant relies primarily upon *Schall v. Penn Transit Co.,* 352 Pa. 129, 42 A. 2d 278, in which it was held that the operator of a vehicle on a through highway may not, notwithstanding his superior right of way, rely blindly upon an assumption that the operator of a vehicle on an intersecting road or street will obey the law; he must be reasonably vigilant to observe traffic conditions on the intersecting highway, and if he carelessly ignores the approach of a vehicle after he sees, or should have seen, that it has not in fact stopped before entering the through highway, he is thereby guilty of contributory negligence.

This principle of law is, of course, applicable to the present appeal, but the cases are factually distinguishable and every negligence case must stand on its own facts. *Ward v. P. R. T.,* supra, 117 Pa. Superior Ct. 120, 177 A. 485. The *Schall* case involved an intersection collision between an automobile operated by the plaintiff and a bus of the defendant company. The defendant's bus, being operated on a stop street, stopped at the stop sign and then starting up again, continued on toward the through highway on which plaintiff was traveling. The plaintiff did not see the bus although it was fully lit up until it was four to six feet away from the intersection. Plaintiff testified that he assumed that the bus would stop and, consequently, did not apply his brakes until the bus was two or three feet away from the intersection. The Supreme Court, speaking through Mr. Justice HORACE STERN, stated: ". . . plaintiff, had he been reasonably careful, would have noticed that the bus had stopped at the through traffic sign, within a reasonable distance, as the Vehicle Code prescribes, before entering the intersection on Freeport Road, and

that it had started up again and, though travelling slowly, was coming onto and across Freeport Road in the direct path of his own car,—all of which he could have seen at a time when his car was sufficiently distant to have afforded him ample time to avoid the collision. Under such circumstances he cannot seek exculpation because of an alleged right to assume something which, as he might readily have observed, was contrary to the fact." In the present appeal, Murray saw the bus when it was 200 feet away from the intersection and had not yet reached the stop sign. He removed his foot from the gas pedal, looked in other directions for possible traffic, and then again looked at and saw the bus, which was not stopping at the stop sign but appeared to be picking up speed. Thereupon Murray, with due regard to the truck which was following him and to his vehicle piled high with barrels, attempted to bring his trailer truck to a stop. Under these facts, it cannot be said as a matter of law that Murray relied blindly upon the assumption that the bus would stop and carelessly proceeded into the intersection.

Murray testified that his vehicle and load weighed about 12 tons and that at a speed of 20 miles an hour it would require 100 feet for him to bring his vehicle to a stop. Defendant contends that Murray was negligent in not looking again at the bus when he was 100 feet north of the intersection since it would require that distance for him to bring his vehicle to a full stop before entering the intersection. However, the testimony "100 feet" was only opinion evidence and the jury could believe it or not.

In *Ray v. Philadelphia*, 344 Pa. 439, 25 A. 2d 145, the question was whether a party to the suit was bound by the opinion evidence of a witness, Harrison, called by it. Mr. Justice DREW stated at page 441: "Was the opinion expressed by Harrison 'a factual admission by the City?' An opinion is only that; it creates no fact.

It is what someone thinks about something, and the thought may be precisely accurate or totally inaccurate, and yet represent the absolutely honest conviction of the person who expresses it. Because of this, opinion evidence is generally considered of a low grade, and not entitled to much weight against positive testimony of actual facts. There is a great difference between factual and opinion testimony. In the one the witness testifies to the fact and certifies that what he says of it is true. In the other, he only testifies to his opinion that such a thing is true, and certifies only to his integrity of belief. He says he believes his opinion to be correct, but he does not warrant it to be true, and does not pretend that he cannot be mistaken. The world is mad with opinions upon every imaginable subject, but fortunately we only have to take those we approve. And so it is with juries; they may reject in toto the opinion of any witness they disbelieve, and this whether that opinion is contradicted or not." Cf. *Holland v. Kohn,* 155 Pa. Superior Ct. 95, 38 A. 2d 500. However, even if the jury accepted this "factual admission" as an *established* fact, it remained for it to determine whether plaintiff's driver used due care under the circumstances. The purpose of through highways is to facilitate traffic and this purpose would be nullified if, when there is no apparent danger and no reason to apprehend possible danger, the driver of a vehicle on a through highway were required to approach an intersecting stop street at such speed that he could stop his vehicle before entering the intersection.

Under the evidence in this case, the question of Murray's contributory negligence was for the jury. Cf. *Holt v. Pariser,* 161 Pa. Superior Ct. 315, 54 A. 2d 89.

Judgment affirmed.