## Matthews, Appellant, *v.* Derencin et al.

Argued September 28, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Leland W. Walker*, for appellant.

*Clarence L. Shaver*, with him *Daryle R. Heckman, Boose & Boose* and *Shaver & Heckman*, for Earl Dickey, appellee.

*Frank R. Coder,* with him *Frank Coder, Jr.,* for Elliott C. Derencin, appellee.

OPINION BY MR. JUSTICE HORACE STERN, November 8, 1948:

We are of opinion that in this accident case the action of the jury in finding a verdict for defendants was induced by a misleading charge on the part of the learned trial judge and that justice to plaintiff requires that he be awarded a new trial.

At about five o'clock in the afternoon of a December day plaintiff Matthews and defendant Derencin were returning to Somerset from a hunting trip in the southern portion of the county. The automobile in which they were riding belonged to Derencin and was operated by him, plaintiff being seated on the right side of the front seat. They were traveling on a state highway the hard surface of which had been plowed clear of snow; the snow was piled high on the berm on both sides of the road, leaving a width for traffic of about 20 feet. It was not snowing at the time nor was it dark enough to require lights. About a mile and a half north of New Centerville their car came into collision with an automobile operated by defendant Dickey, with the result that it plunged or was pushed over and down an embankment, where it crashed into a tree and was completely demolished. Plaintiff was rendered unconscious for several days and was severely injured. He brought the present suit to recover damages from both Derencin and Dickey.

At the trial plaintiff was unable to describe how the accident happened. He testified that he was lighting a cigarette and had his head down in the car; he remembered nothing thereafter except that there was a sudden flurry of snow and a crash. At one point on the trip he had said to Derencin to "take it a little easy". Derencin likewise could recall nothing of the accident, he too having been rendered unconscious; he testified that he

did not see the Dickey car in the road at the time he struck it. Under such circumstances it became necessary for plaintiff to call defendant Dickey as for cross-examination. When so called, Dickey testified that he had parked his car just off the east side of the roadway and facing south toward New Centerville. As it was his intention to drive back to Somerset he had to turn his car completely around in order to proceed north on the east lane of the highway. Accordingly he entered the car, looked ahead in the direction of New Centerville where he had a clear view for a distance, according to him, of more than 800 feet, crossed the road obliquely to the west side, backed up again to the east side, and then swung around first toward the west and then obliquely toward the east preparatory to straightening out there and proceeding north. He testified that he looked in both directions before undertaking each of these movements and at no time saw any vehicle approaching. As he came diagonally over from the west toward the east lane and all of his car except the rear wheel had already passed the center line of the highway, the distance between the front of his car and the bank of snow on the east berm being then not more than 4 or 5 feet, the Derencin car, coming from the south, attempted to pass him to the right, with the result that its left side collided with the right front fender of the Dickey car; it crashed through the snow bank and hurtled over the embankment. Dickey testified that he did not know of the approach of the car at any time until it struck him.

The trial judge charged the jury that "If this was purely an unavoidable accident, there can be no recovery in this case". It is clear from the evidence that on no possible theory was the accident unavoidable, and no such suggestion should have been made to the jury. That the court continued, however, to lean toward that view of the case is shown by the fact that in its opinion denying plaintiff a new trial it said that "if any error

was committed in the trial of this case, it was the refusal of the defendants' motions for a compulsory nonsuit". So far from this being a correct appraisal, the testimony firmly established that there must have been negligence on the part of either Derencin or Dickey, or of both.

First as to Derencin. The jury were told several times by the learned trial judge that there was no evidence that Derencin drove his car in a careless, reckless manner or at a dangerous and excessive rate of speed, nor any explanation as to why it collided with the Dickey car; in the opinion refusing a new trial the court said that "there is no proof of any negligence on the part of the defendant, Derencin, in causing said collision". The jury could well have found that there *was* such evidence. If they believed Dickey's testimony it would appear that while his car was describing a semicircular arc over a distance of but a few feet the Derencin car came on for a distance of more than 800 feet and struck the Dickey car before the latter had straightened out on the east lane of the highway, from which the inference would be irresistible that it must have been traveling at an enormous rate of speed,—to say nothing of its plowing through a high bank of snow and then going, with considerable force, over an embankment. The jury could also have found that Derencin was negligent in attempting to pass the Dickey car on the right, thereby violating section 1007 of The Vehicle Code of 1929, P. L. 905; in so doing he even attempted to squeeze through the narrow space between the front of Dickey's car and the snow bank on the east berm. Finally, he admitted that he did not even see the Dickey car, although, according to Dickey's testimony, it was turning around in full sight of him along a straightaway road for a distance of almost one sixth of a mile; not seeing it, he made no attempt whatever to stop, to slacken his speed, or to take any other measure to avoid a collision.

As to Dickey. The court seems to have exculpated him from the charge of negligence for the reason that, as the learned trial judge told the jury, his testimony was elicited by plaintiff as on cross-examination and was uncontradicted; the court was therefore of opinion that plaintiff was bound by it and in its opinion it stated that "This evidence disproved any negligence on the part of said defendant." Of course, it is true that, as a general proposition, a party calling his opponent as for cross-examination is concluded by his testimony if uncontradicted, but there is an important exception to this rule, namely, that " 'There may be such a degree of improbability in the statements themselves as to deprive them of credit, however positively made'. . . . And the witness 'may be contradicted by circumstances as well as by statements of others contrary to his own, . . . . It cannot be said, as a matter of law, that the jury is bound to accept evidence as true, although not contradicted by direct evidence. Thus, where there is some intrinsic improbability in the statements of the witness, . . . the jury may reject his testimony as incredible, although he is not impeached or contradicted by direct evidence.' " *Burke v. Kennedy*, 286 Pa. 344, 349, 133 A. 508, 510; *Bogdanoff v. Manis*, 346 Pa. 243, 245, 30 A. 2d 321, 322; *Reese v. A. Trasoff*, 108 Pa. Superior Ct. 478, 488, 489, 165 A. 672, 676; *Pfordt v. Educators Beneficial Association*, 140 Pa. Superior Ct. 170, 175, 14 A. 2d 170, 173. In the present case the jury might well have found that Dickey's story was inherently improbable, if not incredible, in that, if true, it would mean that although he looked toward New Centerville before making his last turn on the road and saw no vehicle in sight, the Derencin car, covering, according to Dickey, a distance of over 800 feet, struck him before he could straighten out to proceed north on the highway. The jury might readily have concluded that Dickey did *not* look for approaching cars as he should have done, the rule being that a person cannot be heard to say

that he looked and saw nothing over a far distance when in fact he was struck within a few seconds thereafter by a vehicle coming from that direction.

Not only, then, might the jury, had they not been misguided by the trial judge's instructions, have found *either* Dickey or Derencin negligent, but they might have found that *both* were negligent, since they might well have come to the conclusion that even if the Derencin car was not as far away as 800 feet when the Dickey car started to turn it was *far enough* away that, had Derencin been sufficiently alert and had his car under proper control, he could have stopped before colliding, but that, on the other hand, it was *near enough* that Dickey should not have undertaken to maneuver his car around in the face of the oncoming Derencin car.

The learned trial judge charged that plaintiff and Derencin were engaged in a joint enterprise in that they were going off together on a hunting trip, and that, in such cases, the negligence of one is imputed to the other in an action against a third party; he modified this by saying that any negligence on the part of Derencin should not be imputed to plaintiff unless the latter exercised some active control or voice in the management and operation of the car.* Assuming, arguendo, that

---

* Had the question really been involved it would have been more accurate to say that plaintiff would not be bound by Derencin's negligence unless he had *the right* to exercise some active voice or control in the management and operation of the car, whether he exercised such right or not: *Johnson v. Hetrick, Administratrix*, 300 Pa. 225, 150 A. 477; *Carlson v. Erie R. R. Co.*, 305 Pa. 431, 158 A. 163; *Rodgers v. Saxton*, 305 Pa. 479, 158 A. 166; *Wilson v. Walker*, 313 Pa. 69, 169 A. 141; *Roschmann v. Sanborn*, 315 Pa. 188, 172 A. 657; *Mork v. Caslov*, 327 Pa. 298, 192 A. 903; *Harris v. E. Oostdyk Motor Transportation Corp.*, 340 Pa. 478, 17 A. 2d 347; *Winters v. York Motor Express Co., Inc.*, 116 Pa. Superior Ct. 421, 176 A. 812; *Marmar v. Farrell*, 116 Pa. Superior Ct. 586, 177 A. 224; *Ward v. Philadelphia Rapid Transit Co.*, 117 Pa. Superior Ct. 120, 177 A. 485; *McDougall v. Schaab*, 117 Pa. Superior Ct. 285, 178 A. 168; *Corse v. Ferguson*, 118 Pa. Superior Ct. 606, 180 A. 65; *Baugh v. McCallum*, 140 Pa. Superior Ct. 276, 14 A. 2d 364.

plaintiff and Derencin *were* engaged on a joint enterprise within the legal meaning of that term, there was no evidence whatever that plaintiff had any right of control in the management of Derencin's car; the introduction in the charge, therefore, of a discussion of the law relating to that subject could have served only to confuse the jury in a manner unfavorable to plaintiff's case.

The judgments in favor of defendants are reversed and a new trial is granted.