Mock *v.* Furphy (et al., Appellant).

Argued March 26, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

P. P. *Zion,* with him *Leonard Green* and *Zion & Kaliner,* for appellant.

*Edward W. Furia,* with him *Furia & DiCintio,* for appellees.

OPINION BY ARNOLD, J., December 5, 1952:.

The Lancaster Auto Supply Co. appeals from judgments entered in an action of trespass for personal injuries and property damage arising out of a collision between plaintiffs' automobile and a truck registered and licensed in the name of Lawrence Furphy, who does not appeal from the judgments entered against him. The verdict established the negligence of Furphy, but the Lancaster Auto Supply Co. contends that the plaintiffs failed to make out a case of either the ownership of the vehicle or the agency of the alleged employe, Furphy. To prove the ownership and agency the plaintiffs called Furphy as on cross examination. He testified that he was hired "to do mechanical work in the shop [of defendant-employer]"; that the truck was registered and licensed in his own name, and that the employer lent him the money to buy the truck and its license; that he had been repaying the loan in monthly instalments; that he occasionally used the truck to deliver parts for the Company for which he was paid on a mileage basis; that he used the truck to go between his home and his work; and that at the time of the accident he had finished his day's work

and was on his way home, and was not on his employer's business. He further testified that shortly after the accident he quit his employment, sold the truck to the Lancaster Auto Supply Co. and received the sum of $100 for his interest therein. No other proof of agency or ownership was offered.

The burden was on the plaintiff to establish the ownership of the vehicle by the appellant and that the driver was engaged in its business: *Readshaw et ux. v. Montgomery, trading as Wilson Electric Co.*, 313 Pa. 206, 208, 169 A. 135. A party called as on cross-examination " 'may be contradicted by circumstances as well as by statements of others contrary to his own' . . . [The] jury may also consider the intrinsic improbability in the statements of the witness interpreted in the light of the circumstances": *Boyle v. Pennsylvania Railroad Company*, 346 Pa. 602, 607, 31 A. 2d 89; *Matthews v. Derencin*, 360 Pa. 349, 62 A. 2d 6.

The court en banc characterized the defendant-employe as being unworthy of belief, and by so doing sought to justify its refusal of judgment n.o.v. The difficulty with this reasoning is that there was no testimony contradicting Furphy, nor were there any circumstances such as would contradict him and allow a finding of agency. The rejection of his testimony, because of its incredibility, does not supply the lack of affirmative testimony to meet the burden placed upon the plaintiffs. While the plaintiffs were not precluded by his testimony, there was still a failure to establish agency.

The judgments against the Lancaster Auto Supply Co. are reversed and are here entered, notwithstanding the verdict, in favor of the Lancaster Auto Supply Co.