## Harris *v.* E. Oostdyk Motor Transportation Corp., Appellant, et al.

Argued December 2, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*George H. Detweiler,* with him *Robert A. Detweiler, Sylvia E. Detweiler* and *Charles W. Sweeney,* for appellant.

*Milford J. Meyer* and *Robert M. Bernstein,* for plaintiff, appellee, were not heard.

PER CURIAM, January 6, 1941:

Plaintiff, Harry Harris, brought this action in trespass to recover damages for injuries sustained in a collision between a truck in which he was a passenger and a tractor-trailer combination owned and operated by defendant E. Oostdyk Motor Transportation Corporation.

On December 1, 1938, defendant Nevin Myers, on behalf of his employer, defendant Aaron Myers, drove a truck loaded with potatoes to the Smiling Jim Potato Company located at 101 Oregon Avenue in the City of Philadelphia. The manager of the Potato Company, plaintiff's employer, directed plaintiff to accompany Myers on the truck to show him the way to a warehouse of the American Stores Company located in another part of the city, where the potatoes were to be stored. With plaintiff sitting beside him on the front seat, Myers drove the truck north on Delaware Avenue and was making a left turn from that street into Spring Garden Street when the truck was struck by the corporate defendant's tractor-trailer moving south on Delaware Avenue.

Trial was had before a jury which rendered a verdict for defendants, Aaron Myers and Nevin Myers, and for plaintiff in the amount of $3,000 against defendant

Oostdyk Corporation (hereafter mentioned as the defendant). Judgment was entered on the verdict, defendant's motions for new trial and for judgment n. o. v. having been overruled. This appeal followed. The sole question involved is whether plaintiff is precluded, as a matter of law, from recovery by reason of contributory negligence.

Defendant relies greatly on plaintiff's admissions that he did not keep watch outside the truck as it moved along and that he did not see defendant's tractor-trailer "because that is the driver's place, not my place—the driver was running it." But a passenger is not held to the same measure of care required of a driver; he is bound, in order to escape the bar of contributory negligence, to act only where danger is actually known to him or is so obvious that he is presumed to know it. This is a question properly to be left to the jury under all the circumstances: *Bynon v. Porter,* 336 Pa. 441; *Siegfried v. Lehigh Valley Transit Company,* 334 Pa. 346; *Riley v. Philadelphia,* 333 Pa. 533. It was left to the jury and was resolved in plaintiff's favor.

Defendant contends that the driver of the truck, on which plaintiff was a passenger, was negligent, and that his negligence is "imputed" to plaintiff, because he and the driver were engaged in a "common purpose" or "joint enterprise" at the time of the accident. There is no merit in this contention because the evidence is clear and uncontradicted that the plaintiff had no right to share in the control of the truck, and that he made not the slightest attempt to control or direct its operation. He was present only "to show the way" to the warehouse to the driver, and that is all he did: *Mork v. Caslov,* 327 Pa. 298; *Rodgers v. Saxton,* 305 Pa. 479; *Johnson v. Hetrick,* 300 Pa. 225.

Defendant has completely overlooked a vital and necessary part of the "imputed negligence" doctrine. It is axiomatic that negligence cannot be "imputed" to a party from another if the other be not negligent him-

self. The rule can have no application here unless the driver Myers was negligent. The question of his negligence was submitted, and the jury found that he was not negligent. The verdict thus exploded the rule of "imputed negligence" as a defense in this case.

Judgment affirmed.