**MANN v. FUNK (NATIONAL THREAD CO. et al., Third-Party Defendants).**

**No. 917.**

District Court, M. D. Pennsylvania.

June 25, 1943.

A. M. Lucks and Stanley F. Coar, both of Scranton, Pa., for plaintiff.

Raymond Bialkowski, of Scranton, Pa., for defendant and third party plaintiff.

Eugene Nogi, of Scranton, Pa., for third party defendant National Thread Co. of New York.

David J. Reedy, of Scranton, Pa., for third party defendant Herbert I. Mann.

JOHNSON, District Judge.

This is an action in trespass brought by Solomon Mann, a resident and citizen of the Borough of Brooklyn, and State of New York, against Andrew E. Funk, defendant, to recover damages to a motor vehicle and for personal injuries resulting from a motor vehicle collision. Thereafter on motion, leave of court was granted to Andrew E. Funk, defendant, to make National Thread Company of New York and Herbert I. Mann, third-party defendants.

The case came on for trial before the court and a jury and a verdict was rendered in favor of the plaintiff, Solomon Mann, and against the defendant Andrew E. Funk, in the sum of $5,000, and a verdict was rendered in favor of Herbert I. Mann and National Thread Company of New York, third-party defendants. Andrew E. Funk, defendant, has now moved the court to set aside the verdicts and judgments entered thereon and to grant a new trial.

Following are the facts of the case: Herbert I. Mann and Solomon Mann, the original plaintiff, were both riding in an automobile owned by Solomon Mann and being driven by Herbert I. Mann and were proceeding in an easterly direction along State Highway Route 22 leading from State Highway Route 72 to Bethel in Berks County, within the Middle District of Pennsylvania. Route 22 is a through highway and intersects Route 83 at right angles at a point about ten miles West of Bethel Township, Berks County, Pennsylvania. On the day of the accident it was snowing and both routes were slippery. As the car in which the plaintiff was riding approached the intersection of Route 22 with Route 83 it was travelling at approximately ten miles per hour. When the motor vehicle in which the plaintiff was riding had reached a point on Route 22 approximately in the center of the intersection of Route 22 with Route 83 it was struck on its front left fender by a motor vehicle owned and operated by the original defendant Andrew F. Funk who had been proceeding in a southerly direction along Route 83 and who had failed to stop at the stop sign guarding this intersection.

There was testimony that plaintiff saw the defendant approaching the intersection while plaintiff was approximately seven feet West of the intersection and that plaintiff believed the defendant would stop. There was further testimony that when the plaintiff realized that the defendant was not going to stop, he, the plaintiff, was then committed to and approximately in the center of this intersection. There was further testimony that plaintiff received injuries to his head, his shoulder, his arms and one leg and that his car was damaged. This action has been brought to recover damages to the car, damages for injuries to the person of plaintiff, medical expenses and pain and suffering, and the plaintiff further alleges future damages for medical care and attention and for loss of wages due to a permanent injury incurred in this accident.

The case having been submitted to a jury and the plaintiff having a verdict in his favor against the original defendant, the plaintiff is entitled to have all testimony read in the light most favorable to him, and all inferences to be drawn from the testimony in his favor considered. Dempsey v. Cuneo Eastern Press Ink Co. of Pennsylvania, Appellant, 318 Pa. 557, 179 A. 220.

The defendant's motion to set aside the verdict and judgment for the plaintiff and judgment entered for the defendants on the point reserved will be first considered. The reasons assigned therefor are (a) That Herbert I. Mann, the operator of plaintiff's motor vehicle, was at the time of the occurrence of the accident operating said motor vehicle together with the plaintiff Solomon Mann and the National Thread Company of New York, under the direction and control of the plaintiff and the National Thread Company of New York, in a joint enterprise. (b) That Herbert I. Mann, the operator of the motor vehicle owned by the plaintiff, was guilty of contributory negligence as a matter of law in his operation of the plaintiff's motor vehicle at the time the accident occurred. (c) That the contributory negligence of the said Herbert I. Mann is imputable to the plaintiff, Solomon Mann, and the National Thread Company of New York.

The evidence brought out at the trial was to the effect that Solomon Mann and the operator of the motor vehicle, Her-

bert I. Mann, were not fellow employees. The automobile was owned by the plaintiff and was being operated by Herbert I. Mann, his son. Each was on his own business and the only basis which might constitute a joint enterprise was the fact of the relationship of father and son, coupled with the fact that they were together in the motor vehicle owned by the father. Rodgers et ux., Appellant, v. Saxton, 305 Pa. 479, 158 A. 166, 168, 80 A.L.R. 280, holds that such relationship is not sufficient to establish agency or the relationship of master and servant. In that case it was held that "There is no rule of law which makes a bailment terminable upon the bailor's sharing with the bailee the use and enjoyment of the subject of the bailment." The evidence established that the father and son were returning from a business trip to New York City where they resided. Such in itself is not sufficient to establish a joint enterprise or joint control of the motor vehicle. Watkins et ux. v. Overland Motor Freight Co., Inc., 325 Pa. 312, 188 A. 848.

■ As there was no joint enterprise in which the plaintiff and his son were engaged there can be no imputation of any negligence to the plaintiff herein. Maio, Ex'rx, v. Fahs et al., Appellants, 339 Pa. 180, 14 A.2d 105; Harris v. E. Oostdyk Motor Transp. Corp., Appellant, et al., 340 Pa. 478, 17 A.2d 347.

■■ It cannot be maintained that Herbert I. Mann was guilty of contributory negligence as a matter of law in his operation of the plaintiff's motor vehicle at the time of the occurrence of the accident. Failure to anticipate negligence is not in itself negligence. Dempsey v. Cuneo Eastern Press Ink Co. of Pennsylvania, supra; Glennon v. Ostroff, Appellant, 147 Pa. Super. 182, 24 A.2d 29. The operator of plaintiff's car had a right to believe that the defendant would stop at the stop sign and obey the law to stop thereat. Adams v. Gardiner, Appellant, 306 Pa. 576, 160 A. 589.

■ The evidence showed that plaintiff was within the intersection when he realized that defendant was not going to stop at the stop sign. This evidence was fairly submitted to the jury for its decision. The motion to set aside the verdict must therefore be overruled.

■ In his motion for a new trial the defendant has assigned ten reasons. The first two, that the verdicts are against the evidence, and that the verdicts are against the weight of the evidence, cannot be sustained.

■ The third reason that the damages accorded to the plaintiff are excessive also cannot be sustained. Evidence was produced at the trial that the plaintiff has expended the sum of $340 for medical attention; that he endured pain and suffering; that he was of the age of 61 years at the time of the occurrence of the accident, and that his earning capacity has been seriously impaired thereby; that the condition from which he has suffered since the accident is a result of that accident and that his condition will be progressively worse during his life expectancy. The evidence pertaining to these matters was presented fairly and fully to the jury, and although there were some differences between the medical experts for both parties the jury has found for the plaintiff in the exercise of its proper function. The verdict rendered by the jury is not such as to shock the conscience of this court and will therefore stand.

■ Defendant's fourth reason for a new trial is that the court erred in its charge to the jury in submitting the issue whether the plaintiff Solomon Mann was a guest passenger in the car which he owned and in which he was riding and which was being operated by the third party defendant, Herbert I. Mann, there being no evidence to support this issue. This reason cannot be sustained as the testimony shows that there was sufficient evidence submitted to the jury for them to determine the question raised.

Defendant's fifth reason is: "The verdict was against the law". This reason cannot be sustained. The discussion in this opinion sufficiently covers all the issues including this one.

For his sixth reason defendant alleges that the court was in error in permitting the plaintiff Solomon Mann to testify to a depreciation of his earnings, the allegations in his declaration being a total loss of earnings, and not a depreciation thereof. An examination of the complaint does not disclose that the plaintiff claimed a total loss of earnings.

■ The defendant's seventh reason for a new trial is that the jury's verdict was capricious in that they totally disregarded the testimony of disinterested witnesses as well as contradictions between portions of the testimony at the trial and that taken on depositions; also in finding that the additional defendant Herbert I. Mann was not

negligent and that his negligence was not imputable to the plaintiff; also in finding that the plaintiff suffered injuries when that finding was not based on legally competent evidence because both the doctors disagreed as to the cause of his physical condition. It is the function of a jury to reconcile conflicting testimony. The issues were submitted to the jury for that purpose and the findings of the jury in that respect will not be disturbed. The matter of the negligence of Herbert I. Mann and the question whether that negligence is imputable to the plaintiff have already been disposed of in this opinion.

In his eighth reason defendant alleges that this court was in error in directing a verdict in favor of the National Thread Company of New York, third party defendant. This eighth reason cannot be sustained and the reasons therefore have been previously discussed in this opinion.

■ For his ninth reason defendant contends that the Court in his charge to the jury was "basically and fundamentally in error". At the conclusion of the Court's charge counsel were asked if they desired the court to make any changes or additions therein. Thereupon during a recess in Chambers, counsel for all parties were heard at length after which the trial judge made additional remarks to the jury before submitting the case. The jury was adequately and correctly charged and the ninth reason assigned by the defendant cannot be sustained.

■ For his tenth reason counsel for the defendant contends that in the absence of the trial judge, and under an agreement of counsel for all interested parties, the verdict could be taken by a Deputy Clerk or by Judge Watson and it was error for Judge Watson to have the court stenographer read to the jury portions of the trial judge's charge, and thereupon direct them to return a different verdict than that which they had originally returned. When the verdict was returned and opened by the Deputy Clerk of this court it was discovered that it was not in proper form and had not been drawn in accordance with the trial judge's charge. At the direction of Judge Watson the court stenographer read to the members of the jury that portion of the charge in which the trial judge instructed the jury as to the form in which the verdict should be rendered. The jury thereupon retired and rendered the verdict in proper form. Nothing was read to them under Judge Wat-son's direction but the words which they had previously heard in the trial judge's charge. No harm had been done thereby, the defendant had not been prejudiced, and the tenth reason is therefore dismissed.

And now the motion to set aside the verdict and the entry of judgment against Andrew E. Funk, defendant, and the judgment entered for the defendants, is overruled and dismissed and a motion for a new trial is overruled and a new trial refused.