**CONTINENTAL AIRCRAFT SALES**
**d/b/a Flying W Ranch, Plaintiff,**

v.

**McDERMOTT BROTHERS COMPANY**
**and John J. McGee, Defendants.**

**ALLIED CHEMICAL CORPORATION,**
**Defendant and Third-Party Plaintiff,**

v.

**HAUCK MANUFACTURING COMPANY,**
**Third-Party Defendant.**

**No. 68–166 Civ.**

United States District Court,
M. D. Pennsylvania.

Aug. 8, 1970.

Candor, Youngman, Gibson & Gault, Allen E. Ertel, Williamsport, Pa., for plaintiff.

Edward H. McGee, Allentown, Pa., for defendants McDermott Brothers Co. and John J. McGee.

Furst, McCormick, Lynn, Reeder & Nichols, Williamsport, Pa., for defendant and third-party plaintiff.

Metzger, Hafer, Keefer, Thomas & Wood, James K. Thomas, Harrisburg, Pa., for third-party defendant.

## MEMORANDUM

HERMAN, District Judge.

The matter before us is Hauck Manufacturing Company's motion for summary judgment in an action which arises from a claim for extensive damages to an airplane allegedly owned by Continental Aircraft Sales d/b/a Flying W Ranch.

As evidenced by the complaint and summarization of the facts presented to the court for purposes of this motion, it appears that McDermott Brothers Company, one of the defendants, sold to Allied Chemical Corporation, another defendant, a large piece of equipment known as a calcinor. The contract of sale between McDermott and Allied called for McDermott to furnish, without charge, an engineer to inspect the calcinor at Allied's mine in Wyoming before start-up. Apparently an integral part of the calcinor is a combustion system which is supplied to McDermott Brothers by the third-party defendant Hauck.

Allied, the purchaser, notified McDermott, the seller, of its readiness to start the machine and in turn defendant John J. McGee, President of McDermott Brothers Company, arranged to have Cunningham, an engineer for Hauck, accompany him for the start-up; allegedly a procedure which was frequently followed between the two companies. Additionally, McDermott Brothers apparently made arrangements for a private aircraft.

McGee piloted the aircraft which upon landing in Wyoming was extensively damaged.

Plaintiff, Continental Aircraft, brought an action against the alleged bailee, McDermott Brothers, and John J. McGee, individually, and Allied Chemical Corporation. Thereafter, Allied Chemical Corporation, seeking contribution, joined Hauck Manufacturing Company

as a third-party defendant on the theory that Hauck and McDermott Brothers were engaged in a joint venture and that the negligence of Hauck, through its agent Cunningham, the engineer, contributed to the accident.[1]

Hauck has filed a motion for summary judgment on grounds that "Cunningham was a mere passenger in the aircraft" at McDermott's request; that "Cunningham had no control over the course of the aircraft or the manner in which it was flown"; that neither Cunningham nor Hauck incurred nor were they responsible for any expenses in connection with the flight; that no general issue of facts exists; and that there is no reason for delay in the entry of a summary judgment.

■ Upon motion for a summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, the movant has the initial burden of negating any real doubt as to the existence of any genuine issue of material fact and of showing that he is entitled to a judgment as a matter of law. Hardinge Co. v. Jones & Laughlin Steel Corp., 164 F. Supp. 75 (W.D.Pa.1968). The rules further provide that the movant may submit to the court supporting affidavits, answers to interrogatories and other papers in an effort to meet his burden in the form prescribed by Rule 56(e).

Rule 56(e) additionally requires that an adverse party may not rest upon the mere allegations or denials in his pleadings, but his response, if appropriate, must set forth specific facts showing that there is a genuine issue for trial if such facts are available to him; otherwise he must set forth the reason for their absence. Foster v. General Motors Corp., 191 F.2d 907 (7th C.A.1951).

■ Generally, in order to impute civil liability from one person to another it must be shown that a principal and agency relationship exists between the parties and that the tortious conduct arose within the scope of the agency relationship, or employment. Similarly, liability may be imputed from one to another if it is shown that the parties were engaged in a joint venture or enterprise. 38 Am.Jur. Negligence § 253 (1963).

Restatement (Second), Torts § 491b. (1965) sets forth:

"A 'joint enterprise' is in the nature of a partnership, but is a broader and more inclusive term. In a partnership, there is a more or less permanent business arrangement, creating a mutual agency between the partners for the purpose of carrying on some general business dealings, so that the acts of one are to be charged against the others. A joint enterprise includes a partnership, but it also includes less formal arrangements for cooperation, for a more limited period of time and a more limited purpose. It includes an undertaking to carry out a small number of activities or objectives, or even a single one, entered into by members of the group under such circumstances that all have a voice in directing the conduct of the enterprise. The law then considers that each is the agent or servant of the others, and that the act of any one within the scope of the enterprise is to be charged vicariously against the rest. * * *"

Both parties cite the case of Rodgers v. Saxton, 305 Pa. 479, 158 A. 166 (1932) as controlling authority for their respective positions. There the Supreme Court of Pennsylvania determined the question of whether or not the contributory negligence of a husband-driver is imputable to his wife who was the owner-occupant of the automobile. The Supreme Court held that a husband is presumably in control of the vehicle when driving in his wife's presence, in the ab-

---

1. Hauck brough a cross-claim against John J. McGee claiming that if Allied Chemical Corporation were entitled to a judgment against Hauck on the theory of imputed negligence, Hauck in turn is entitled to a judgment over against the defendant John J. McGee.

sence of contrary evidence, and is solely responsible for its operation.

The Court, in arriving at its decision, stated, at 488, 158 A. at 169:

"It is only when the driver is the servant or agent of the passenger at the time of the negligent act and that act is committed within the scope of the servant's or agent's employment, or when the driver and the passenger are business partners and the operation of the vehicle is in furtherance of the partnership business, that the negligence of the driver will from the mere relationship of the parties be imputable to the passenger. In all other cases the test is, Did the passenger have a right to share in the control of the vehicle? * * *"

█ Negligence in the conduct of one party will not be imputed to another party if the latter party neither authorized such conduct nor participated therein, nor had the right or power to control it.

As to the extent of the necessary control essential to impute liability to another, the Pennsylvania Supreme Court has indicated that the individual sought to be charged with another's negligence must necessarily have "some right to a 'voice in management, or direction of the vehicle.'" Johnson v. Hetrick, 300 Pa. 225, 150 A. 477 (1930).

In a later decision the Pennsylvania Supreme Court refused to impute liability where a passenger in a truck was merely instructed by his employer to "show the way" to a warehouse, Harris v. E. Oostdyk Motor Transp. Corp., 340 Pa. 478, 17 A.2d 347 (1941), but made no further distinction as to other rights to control direction.

Hauck, the moving party here, urges the court that it is entitled to a judgment as a matter of law on the basis that Cunningham, Hauck's agent, had no right of control over the aircraft. Allied Chemical on the other hand, stresses the joint venture aspect of the arrangement between Hauck and McDermott as falling within the partnership exception

as set forth in Rodgers, *supra*, and the "material business interest" provision of the Restatement of Torts 2d § 491g. as the controlling authority, negating Hauck's right to a judgment as a matter of law.

Cunningham, as agent for Hauck, has submitted an affidavit before the court, setting forth that:

"1.  He is a Sales Engineer of Hauck Manufacturing Company.

"2.  He is authorized on behalf of Hauck Manufacturing Company to make this affidavit on its behalf and that the facts set forth herein are true.

"3.  On or about January 13, 1966, he was a passenger in the 1962 Cessna Skynight Aircraft referred to in Plaintiff's Complaint and operated by John J. McGee.

"4.  His presence in the aircraft was at the request of the Defendant, McDermott Brothers Company.

"5.  He did not exercise any control over the course of the aircraft or the manner in which it was flown.

"6.  He did not have any previous flying experience.

"7.  The Third-Party Defendant, Hauck Manufacturing Company, was not responsible for nor did it incur any expenses in connection with the flight."

The counter-affidavit of John J. McGee asserts:

"1.  He is a defendant in the above-captioned case.

"2.  The contractual arrangements between McDermott Brothers Company and Hauck Manufacturing Company in the incident which gave rise to this suit contained the agreement that Alvin M. Cunningham would go on the trip and start up the electronic equipment involved in the combustion equipment and its controls.

**236**

"3. John J. McGee is not qualified to supervise the electronic equipment involved in the combustion equipment and its controls.

"4. Alvin M. Cunningham had the right to control the route of travel to the extent necessary to aid Cunningham in the work he was to do in handling the electronic equipment.

"5. For the duration of the trip, the salary of Alvin M. Cunningham was paid by Hauck Manufacturing Company."

 In addition, the court has been urged to consider an answer to an interrogatory, pursuant to Rule 33, wherein McGee averred that "Hauck Manufacturing Company and its employees were engaged in a joint venture with McDermott Brothers Company" and "Mr. Cunningham had the right to control the route of travel." The court, upon considering a motion for summary judgment is compelled to closely scrutinize the moving party's document; whereas, the opposing parties' papers, if any, should be treated with some indulgence. Semaan v. Mumford, 118 U.S.App.D.C. 282, 335 F.2d 704 (1964).

Cunningham's presence in the aircraft, as described in Hauck's affidavit, arose from a mere unexplained "request"; whereas, McGee avers that existing "contractual arrangements" which do not appear on the record resulted in his presence. Furthermore, Hauck's affidavit does not contradict McGee's averment that Cunningham had a right to control the direction of the aircraft, it merely states that he did not exercise any control over the plane.

Considering the record before the court and the evident triable factual issues, the court finds that the third-party defendant Hauck Manufacturing Company, has failed to sustain its burden, and that its motion for summary judgment will be denied.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT OF THIRD-PARTY DEFENDANT

This matter came before the court on motion of the third-party defendant Hauck Manufacturing Company for a summary judgment pursuant to Rules 54(b) and 56(b) of the Federal Rules of Civil Procedure, and the court having considered the motion, affidavits, briefs, and the oral arguments herein;

It is ordered that the motion of the third-party defendant for a summary judgment be and the same is hereby denied.