## Griffith, Appellant, *v.* Weiner.

Argued January 8, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

*Bernard J. Smolens,* with him *William P. O'Neill,* for appellant.

*Thomas Raeburn White, Jr.,* with him *White, Williams & Scott,* for appellee.

OPINION BY MR. JUSTICE BELL, March 23, 1953:

The narrow question involved is whether the decedent was guilty of contributory negligence as a matter of law, when on a clear night he drove his automobile into the rear of a large tractor trailer which was parked at the right edge of a main highway 44 feet in width.

The collision occurred on the Lincoln Highway on January 9, 1950, at about 9:00 P.M. The trailer which

was 5 feet wide and over 10 feet high had been stopped for about 5 or 10 minutes under a dim arc light on the south side of Lincoln Highway. Lincoln Highway is a four-lane highway, which is perfectly straight for a distance of at least 100 feet, from the direction in which decedent was approaching, to the scene of the accident. There was no eye witness of the accident; and no evidence whether the lights on the truck were lit at the time of the accident, although one witness did not see any lights burning on the back of the trailer. The night was clear and there was no obstacle to obstruct the decedent's vision before he hit the truck; and no automobiles which might have blinded decedent were approaching from the opposite direction.

"The assured clear distance ahead" rule has become well established in Pennsylvania: *Rich v. Peterson Truck Lines,* 357 Pa. 318, 53 A. 2d 725; *Stark v. Fullerton Trucking Co.,* 318 Pa. 541, 179 A. 84. While there is a presumption that a deceased driver exercised due care, it is a rebuttable presumption of fact, and the facts in this case unquestionably overcome the presumption. Even if the decedent had been driving 50 miles an hour he undoubtedly could have stopped his automobile in sufficient time to avoid running into the trailer if he had been paying proper attention to the road, or he could have pulled a few feet to his left and easily avoided the collision on the straight four-lane highway.

In *Rich v. Peterson Truck Lines,* 357 Pa., supra, the Court said: "Section 1002 of the Vehicle Code of May 1, 1929, P. L. 905, and its amendments, 75 PS 501, provides, inter alia, that 'no person shall drive any vehicle upon a highway . . . at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead.' The assured clear distance rule has been the law of Pennsylvania for many

years. It was established as a common law principle and imbedded in our law by the above statute. Our courts have called it, 'the only safe rule': Simrell v. Eschenbach, 303 Pa. 156, 160; 'inflexible': Gaber v. Weinberg, 324 Pa. 385, 387; 'fixed and unchangeable': Stark v. Fullerton Trucking Co., 318 Pa. 541, 544; the statute has been applied in many cases as requiring judgment n.o.v. against operators of vehicles who have driven into obstructions on the highway, regardless of the negligence of the person who created the hazard. The rule has been applied to hold plaintiffs guilty of contributory negligence for having driven into obstacles on the highway when their range of vision was shortened by fog: Lauerman v. Strickler, 141 Pa. Superior Ct. 240; Cormican v. Menke, 306 Pa. 156; Shoffner v. Schmerin, 316 Pa. 323; 'by rain and fog': Mason v. Lavine, Inc., 302 Pa. 472; 'by fog, mist and ice': Janeway v. Lafferty Bros., 323 Pa. 324; 'by snow': Hutchinson v. Follmer Trucking Co., 333 Pa. 424; 'by a curve in the road': Gaber v. Weinberg, 324 Pa. 385; Simrell v. Eschenbach, 303 Pa. 156. In all of these cases it was held it is unavailing for the plaintiff to say that he had no reason to expect the obstruction in the highway . . . . *The assured clear distance rule requires that a driver keep his vehicle under such control that he can always stop within the distance that he can clearly see.** What this distance will be will vary according to the visibility at the time and other attending circumstances."

The assured clear distance rule applies to a dead driver as well as to a live driver. In *Grutski v. Kline,* 352 Pa. 401, 43 A. 2d 142, a dead driver was held to be guilty of contributory negligence as a matter of law. In that case defendant's trailer which had broken down

---

* Italics, ours.

extended 6 feet out into the highway and had no flags, lights or flares about or upon it. It was dark enough for lights. Plaintiff's automobile, when it was being driven about 20 to 25 miles an hour, ran into the rear of the parked trailer. The Court's opinion is particularly appropriate (page 403-404) : "There was nothing to prevent him from seeing and avoiding the huge trailer . . . the lights upon his car, would have shown him, if he had been looking, the trailer on the road before him, and if he had his car under control, as was his duty, he would have driven into the next traffic lane and passed the trailer without any difficulty.

"The law of this case is similar to that of Basel v. Pittsburgh, 350 Pa. 545, 39 A. 2d 582, in which we said : 'The facts of this case so clearly show the negligence of decedent, that they destroy the presumption of due care, and the court below should have found decedent guilty of contributory negligence as a matter of law.' We also said in that case: 'While ordinarily, where a person has been accidentally killed, the law will presume that he had taken all necessary precautions to assure his own safety, that presumption has no existence as against the certainty that if he had acted more carefully in a particular instance he would not then have died: Stark v. Fullerton. T. Co., [318 Pa. 541, 179 A. 84].' The evidence in the instant case, when viewed in the light most advantageous to plaintiff, clearly establishes the contributory negligence of Father Zywicki and it is necessary for us to so declare it as a matter of law."

In *Stark v. Fullerton Trucking Co.*, 318 Pa., supra, the Court aptly disposes of the contentions made by plaintiff in the instant case (page 544) : "This implies that the driver will always be carefully watching so much of the road as is included within that *'assured clear distance ahead,'* and will always keep his car so un-

der control that he can stop it within that distance. What this will be, of course, will vary according to the visibility at the time and other attending circumstances, but, after taking those circumstances into consideration, the requirement is fixed and unchangeable. There is no excuse for a failure to obey the statutory requirement unless the obstacle in front is for the first time in the driver's view, after the car has passed the point where the 'assured clear distance ahead,' quoad that point, has been reached and passed, and the obstacle is then too close to be avoided. This can never be where, as here, the dangerous object is standing still before the outer limit of the 'assured clear distance ahead' has been reached, and continues in that one position. It is no answer to say, as appellant seems to attempt here, that decedent had no reason to expect a stalling on the highway of the automobiles into which he crashed. The statute was passed to protect life and limb; decedent was bound to guard, to the extent stated, against that and every other possibility, and the statute must be construed and applied to further that purpose. It may be conceded that ordinarily decedent's death would raise a presumption that he had taken all necessary precautions for his own safety, but this presumption has no existence as against the certainty that if he had done so here he would not then have died: Tull v. B. & O. R. R. Co., 292 Pa. 458, 461."

Order affirmed.