Thomas G. McGOWAN and Pauline McGowan, his wife, Plaintiffs,

v.

UNITED STATES of America, Defendant,

Thomas G. McGowan, Third-Party Defendant.

Civ. A. No. 19314.

United States District Court E. D. Pennsylvania.

Nov. 9, 1957.

Robert H. Arronson, Philadelphia, Pa., for plaintiffs.

W. Wilson White, U. S. Atty., Alan J. Swotes, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

Thomas R. White, Jr., of White, Williams & Scott, Philadelphia, Pa., for third-party defendant.

WATSON, District Judge.

This action arises out of a collision between the vehicle owned and operated by plaintiff Thomas G. McGowan and a mail truck owned by the United States Post Office Department. The accident occurred in Philadelphia, Pennsylvania, on February 1, 1955. On that date, at approximately 1:30 A.M., plaintiff Thomas G. McGowan was operating his automobile in an easterly direction upon Chestnut Street and at a point upon that avenue near 41st Street his vehicle collided with the rear of a mail truck which was parked upon Chestnut Street. Plaintiff Pauline McGowan suffered various injuries in the accident which required extensive medical and dental care and treat-

ment. She is seeking to recover damages for these injuries and her husband, Thomas, seeks to recover damages to compensate him for the loss of his wife's consortium and also for repairs to his automobile caused by the accident. The case was tried by the Court sitting without a jury.

### Findings of Fact

1. Plaintiffs, Thomas G. McGowan and his wife, Pauline McGowan, are residents of the State of New Jersey.

2. On February 1, 1955 at approximately 1:30 A.M., plaintiff Thomas McGowan was operating his automobile in an easterly direction upon Chestnut Street in Philadelphia, Pennsylvania.

3. At a point several feet west from the intersection of Chestnut Street and 41st Street his vehicle struck the rear of a truck owned by the Post Office Department of the United States of America.

4. At the time of the accident, the weather was clear and the surface of the road in good repair.

5. At the point of the accident, Chestnut Street is about 44 feet in width and traffic movement is restricted to that travelling in an easterly direction.

6. Defendant's truck was equipped with various colored lights, all of which were burning at the time of the collision.

7. In the vicinity of the point of the accident, Chestnut Street is illuminated with street lights, mounted upon steel posts which enable a person with normal vision to observe objects 250 feet distant.

8. At the point of intersection of Chestnut Street and 41st Street traffic movement is controlled by traffic signals.

9. Defendant's driver had stopped his vehicle in compliance with the traffic signal and had just begun to resume his journey when plaintiff Thomas McGowan drove his automobile into the rear of defendant's truck.

10. Plaintiff Thomas G. McGowan failed to operate his vehicle in a safe and prudent manner.

11. Plaintiff Thomas G. McGowan did not attempt to bring his vehicle to a full stop after he observed defendant's truck, but attempted to pass around it.

12. Plaintiff Thomas G. McGowan was negligent in the operation of his vehicle, which negligence was the proximate cause of the accident.

13. The injuries incurred by plaintiff Pauline McGowan were caused by the negligence of her husband, Thomas G. McGowan.

### Discussion

This case arises out of a collision between a vehicle owned and operated by plaintiff Thomas G. McGowan and a truck owned and operated by the United States Post Office Department. The accident occurred in Philadelphia, Pennsylvania on February 1, 1955 at approximately 1:30 A.M.

Thomas G. McGowan, with his wife Pauline as a passenger, was proceeding in an easterly direction upon Chestnut Street and, at a point about near the west side of the intersection of Chestnut and 41st Streets, his automobile collided with the rear of a mail truck. Mrs. McGowan suffered severe injuries which required extensive medical and dental treatment. Mr. McGowan and his wife brought this action against the United States of America to recover damages for her injuries and to compensate Mr. McGowan for loss of consortium and companionship of his wife and to recover expenses incurred for repairs to his automobile.

There was testimony taken at the trial of the case, much of which was conflicting. However, it is clear that the negligence of Thomas G. McGowan was the proximate cause of the accident and that the defendant's driver was free from negligence in the operation of the mail truck.

The Pennsylvania Motor Vehicle Code, 75 P.S. § 501(a) provides: "Any person driving a vehicle upon a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width of the highway, and of any other restrictions then and there existing; and no

**134**

person shall drive any vehicle, upon a highway at such speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

 In Griffith v. Weiner, 373 Pa. 184, 95 A.2d 517, and in Notarianni v. Ross, 384 Pa. 63, 119 A.2d 792, the Pennsylvania Supreme Court stated unequivocally that a driver of a motor vehicle upon a public highway must operate his vehicle at a speed no greater than will enable him to bring his vehicle to a stop within the assured clear distance ahead. Plaintiff contends that the "assured clear distance" doctrine does not apply in the instant case, with which contention this Court cannot agree. We have in this case a driver who approaches a parked vehicle which is painted brightly and which has adequate warning lights burning and who then proceeds to collide with that vehicle. We have the uncontroverted testimony of an employee of the City of Philadelphia, an expert in matters of street illumination, which satisfies the Court that the street lights at the place of the accident provided illumination of such intensity as to allow a person of normal vision to detect an object such as a mail truck at a distance of 250 feet. The plaintiff, Thomas G. McGowan, had a duty, under the law of Pennsylvania, to drive his automobile in a sane and prudent manner. It is clear that he did not do so. If he did not, in fact, see the mail truck, he is not, in this case, relieved of his duty. There is some conflict in the testimony as to the position of the truck at the time of the collision. But even if we assume, arguendo, that a portion of it extended into another traffic lane, plaintiff should have been aware of that condition and should have avoided the collision.

It is evident that it was the negligence of Thomas G. McGowan which was the proximate cause of the accident. Therefore, this Court must find for the defendant.

Conclusions of Law

1. This Court has jurisdiction in this action.

2. Defendant, United States of America, is not liable in damages to plaintiffs for any injuries caused by the accident.

3. And the Conclusions of Law set forth in the Discussion in this Opinion.

4. Judgment should be entered against the plaintiffs and for the defendant.