## Veneziale et ux., Appellants, *v.* Carr.

Argued September 14, 1959. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*William L. McLaughlin,* for appellants.

*Robert S. Gawthrop, Jr.,* with him *Gawthrop & Greenwood,* for appellees.

OPINION BY WATKINS, J., November 11, 1959:

The accident that resulted in these appeals occurred about three and one-half miles north of Mifflintown, Pennsylvania, on state highway Route 322, at or about 3 o'clock a.m., on the morning of May 12, 1951.

A tractor-trailer owned by Anthony and Rose Veneziale, trading as Carmine Veneziale, the appellants, was being operated by their driver, Ernest Berilli, in a Northwesterly direction on state highway Route 322. He testified that he was operating the tractor-trailer at a speed "between thirty-five and forty miles per hour" within a thirty-five mile speed limit area. He was on a level stretch of highway coming out of a slight curve when his "lights picked up a dark object which was immediately revealed" to him as a tank-trailer about 108 feet from him and "turned over on its side directly across the road, it took up both lanes and part of the third."

At this point there was a steep mountain on the driver's right and a drop into a canal on the left protected by a guardrail. The driver estimated the width of the highway to be thirty feet, ten feet per lane, with a three-feet berm on the right and a two-feet berm on the left. He had his lights on and could see "as far as his lights shined."

When he saw what turned out to be a milk tank-trailer he "wheeled away from it toward my left so as not to hit the object" and in doing so, he testified, "I must have cut it too hard and I hit the guardrail and I went over the side." The left front wheel of the tractor-trailer caught on the guardrail, causing it to plunge over the side of the embankment. The vehicles did not come in contact in any way and the driver testified that there was sufficient space to his left between the overturned vehicle and the guardrail to pass safely.

The plaintiff appellants brought separate actions in trespass against Robert H. Carr, the owner of the milk tank-trailer and William Behrndt, Jr., the driver, the appellees. Both actions were tried together. The amount of the damage to the tractor-trailer was stipulated by the parties. The trial court granted the mo-

tion for a compulsory nonsuit and the court below, after argument, denied the appellants' motion to take off the nonsuit. These appeals followed.

We agree with the court below that:

"Viewing the evidence in the light most favorable to the plaintiffs, together with any reasonable inference to be drawn therefrom, we cannot conclude the plaintiffs have established the allegation in the complaint that the defendants' driver was negligent by 'operating his vehicle in such a manner as to overturn the vehicle on the highway'.

"There was not sufficient evidence of the circumstances surrounding the incident (particularly wanting are those showing how or why the defendants' vehicle overturned across the roadway) to predicate an inference of negligent operation thereof. 'The evidence is insufficient to warrant recovery if it fails to describe, picture or visualize what actually happened sufficiently to enable the fact finding tribunal to conclude that the defendant was guilty of negligence and that his negligence was the proximate cause of the accident'. See Ebersole v. Beistline, 368 Pa. 12, 16."

It is the contention of the appellants that this case falls within the doctrine of exclusive control. "There are cases in which a fair presumption or inference of negligence arises from the circumstances under which the injury occurred. . . ." *Shafer v. Lacock, Hawthorn & Co.*, 168 Pa. 497, 32 A. 44 (1895) ; *Com. v. Montour Transp. Co.*, 365 Pa. 72, 73 A. 2d 659 (1950).

A learned discussion of the doctrine and its limitations is contained in the concurring opinion of Mr. Justice BELL, in *Kotal, Admr. v. Goldberg, Admrs.*, 375 Pa. 397, 405, 100 A. 2d 630 (1953), wherein he collects all the cases and points out the difference of opinion and also the confusion that has been created by the extension of this doctrine to facts and fields of negligence

not contemplated by *Shafer v. Lacock, Hawthorn & Co.,* supra, wherein the principle was first laid down. *Cross v. Laboda,* 190 Pa. Superior Ct. 119, 152 A. 2d 792 (1959). In this opinion by Justice BELL in *Kotal, Admr. v. Goldberg,* supra, at page 419, he sets forth four factors that must be present before the doctrine can be applied. These are: "(a) where the thing which caused the accident is under the control of or was made or manufactured by the defendant, and the accident or injury would not ordinarily happen if the defendant exercised due care, or made or manufactured the article with due care; and (b) where the evidence of the cause of the injury or accident is not equally available to both parties, but is peculiarly or exclusively accessible to and within the possession of the defendant; and (c) the accident itself is very unusual or exceptional; and (d) the general principles of negligence have not heretofore been applied to such facts." It is apparent that the facts in this case do not fit within these four factors, because the accident is neither exceptional nor is the evidence exclusively within the possession of the defendant. *Miller v. Hickey,* 368 Pa. 317, 81 A. 2d 910 (1951).

In a great majority of automobile negligence cases where lip service is given to the exclusive control doctrine, the real basis for the decisions was the general principles of negligence. *Knox v. Simmerman,* 301 Pa. 1, 151 A. 678 (1930); *Schulz v. Reading Transp. Co.,* 354 Pa. 373, 47 A. 2d 213 (1946), and it is only in those cases where a rare, exceptional or extreme set of circumstances are shown, as exemplified by *Com. v. Montour Transp. Co.,* supra, where the gasoline truck caught fire, was completely destroyed and caused extensive highway damage, that the doctrine is properly applied.

In the *Montour Transp. Co.* case, supra, at page 75, the Court said: "Necessarily, there can be no arbitrary

standard for determining the unusualness of an accident. But, the decided cases in this State limn a helpful pattern." We agree with Judge HARVEY that, "Applying that pattern as best we may, we are not content to conclude that the mere overturning of a tractor-trailer vehicle upon a highway is such an unusual occurrence that it reasonably may be attributed to want of care on the part of its operator, under the exclusive control doctrine."

We also agree with the conclusion of the court below that the appellants' driver was contributorily negligent as a matter of law, in that, "He was operating his tractor-trailer in excess of the speed limit, and he failed to have it under such control as to stop or avoid collision within the assured clear distance ahead." It might also be added that the night was dark; the road was level and dry; the curve was slight and he was coming out of it; and there were no headlights or other distraction to disturb the attention of the driver. Admittedly there was sufficient room for him to pass the overturned truck on the left side of the road but he didn't make it as he wheeled away to the left "too hard".

But the appellants contend that the driver could not be held as one negligent for a mistake of judgment in attempting to pass rather than stop because, under the facts, he was entitled to the application of the rule of a sudden emergency placing him in a position of danger. *Ferne, Admrx. v. Chadderton,* 363 Pa. 191, 69 A. 2d 104 (1949). He contends, therefore, that he was not obliged to decide in an instant which was the safer of two courses presented for his escape. He attempted to buttress this position by the claim that his course was determined by his mistaken conclusion that the overturned truck was a gasoline or oil tank truck and his action was to avoid such material on the highway.

The difficulty with this position is that the driver, through his own speed, inattention, or both, created the hazardous situation from which he sought to extricate himself when he wheeled to the left to avoid the collision. "We have frequently stated that the sudden emergency rule will not apply if the emergency arises through the prior negligence of him who seeks the protection of the rule." *Casey v. Siciliano*, 310 Pa. 238, 241, 165 A. 1 (1933); *Sarnak v. Cehula*, 393 Pa. 5, 9, 142 A. 2d 204 (1958); *Bell v. Dugan*, 189 Pa. Superior Ct. 322, 328, 150 A. 2d 553 (1959).

Judgment affirmed.