Terrance Alan BLOCK, a minor, by Harvey F. Block, his father and natural guardian and next friend, Harvey F. Block, Plaintiffs,

v.

Eugene L. BIDDLE, Defendant.

Civ. A. No. 64–085.

United States District Court
W. D. Pennsylvania.

Jan. 22, 1965.

Reuben Segall, Youngstown, Ohio, Samuel Goldstock, Pittsburgh, Pa., for plaintiffs.

David Fawcett, Jr., of Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendant.

WEBER, District Judge.

Plaintiffs in this diversity action have filed a motion for summary judgment, or in the alternative partial summary judgment on the question of liability. In support of their motion plaintiffs have filed the affidavit of minor plaintiff as to the accident and his position as a guest passenger; a certified copy of the accident report of the Pennsylvania State Police concerning the accident; answer of defendant to Interrogatories previously filed of record in the case; and the deposition of the defendant taken and filed in the case.

The defendant has not filed any opposing evidence, but rests upon argument as to the legal effect of plaintiffs' evidence.

Rule 56(e), Fed.R.Civ.P., as amended January 21, 1963, effective July 1st, 1963, provides that:

"* * * [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegation or denial of his pleading, but his response by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Rule 56 provides for the granting of summary judgment where it is shown

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It was formerly held in the Third Circuit prior to the amendment to Rule 56(e) that summary judgment must be denied where averments in the pleadings present an issue on their face, and where defendant's averments are well pleaded. Hart v. Recordograph Co., 169 F.2d 580 (3rd Cir.1948). Defendant's Answer to the Complaint in the present case with respect to the issue of negligence is a bare denial of negligence and under the former doctrine of the Third Circuit would be classed as merely conclusory or ultimate. We feel, therefore, that no genuine issue as to a material fact is created by the pleadings of this case, and that we must look to the evidentiary material supplied by the plaintiffs and the defendant in disposing of this motion for summary judgment.

Plaintiffs support their motion by the answers which defendant made to written interrogatories and upon oral deposition with respect to the happening of the accident and the position of the minor plaintiff in his automobile as a guest passenger.

No issue here is raised as to an imputation of contributory negligence to the minor plaintiff.

The principal basis for plaintiffs' motion for summary judgment is their assertion that the defendant in his answers to interrogatories and in his testimony on deposition has clearly and unequivocally convicted himself of negligence as a matter of law.

Defendant's testimony by deposition and in answer to interrogatories shows that he was proceeding eastwardly along the Pennsylvania Turnpike in the right hand or outside lane of traffic at a speed of about 55 to 60 miles an hour. It was night time and his lights were on low beam. He first observed a vehicle in the same lane of traffic ahead of him when it was approximately 75 to 100 feet in front of him. He could see ahead of him with the lights on low beam approximately 100 to 150 feet. The vehicle ahead was in his line of vision and there was nothing to obstruct his vision before the accident. He did not know whether the vehicle ahead of him was moving. Defendant testified that he could see that the vehicle ahead of him was a truck, but could not tell whether it was a tractor-trailer or not; he testified that he saw no lights on the vehicle ahead.

Defendant testified that he did not try to stop his car but tried to pull around the truck ahead by turning into the left hand or inside lane but was unable to do this because the right rear side of his car came into collision with the right rear of the truck. His car thereafter veered off to the left rolling over across the west-bound lane.

This is a diversity case in which the law of Pennsylvania controls. Plaintiffs claim that this testimony establishes the negligence of the defendant as a matter of law under the provisions of the Pennsylvania Motor Vehicle Code, 75 Purdon's Statutes, § 1002:

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width of the highway, and of any other restrictions or conditions then and there existing; and no such person shall drive any vehicle, upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

This provision has been construed many times by the appellate courts of Pennsylvania, and has been recognized by the Federal Courts as the prevailing law of the jurisdiction. McGowan v. United States, 156 F.Supp. 132 (E.D.Pa.1957).

"The 'assured clear distance ahead' rule is not merely a statutory obliga-

tion but an established principle of law of negligence in Pennsylvania, and is applicable to vehicles on the Pennsylvania Turnpike." Kocher v. Creston Transfer Co., 166 F.2d 680 (3rd Cir.1948).

The appellate courts in Pennsylvania have interpreted this statutory provision to require that one operate his automobile at such a rate of speed and in such a manner that he can always stop it within the distance that he can clearly see and by this is meant the range of the driver's vision which, in darkness, is scope of his headlights. Enfield v. Stout, 400 Pa. 6, 161 A.2d 22 (1960). The assured clear distance ahead rule has been particularly construed with respect to night driving to require that an automobile driver at night must have his automobile under such control as to be able to stop or avoid any obstacle which may present itself within range of his lights. Janeway v. Lafferty Bros., 323 Pa. 324, 185 A. 827 (1936). It is the duty of the driver to have the automobile under such control so that it can be stopped before doing injury to any person in any situation that is reasonably likely to arrive under the circumstances. Downey v. Rymorowicz, 397 Pa. 205, 154 A.2d 179 (1959).

This rule of law has been particularly applied to cases of motorists who collide with the rear of the vehicle ahead of them in a line of traffic. The obligation still remains whether or not the vehicle ahead was lighted, parked or moving. Smith v. Petaccio, 384 Pa. 74, 119 A.2d 797 (1956); Griffith v. Weiner, 373 Pa. 184, 95 A.2d 517 (1953); Filer v. Filer, 301 Pa. 461, 152 A. 567 (1930); Notarianni v. Ross, 384 Pa. 63, 119 A.2d 792 (1956). No exception is made to this rule for sudden emergencies when the emergency is one which is caused by the very violation of the rule. Thus, a defendant's action in the event of something appearing before him suddenly in the road ahead is no excuse when his inability to avoid the accident arises out of his inability to bring his car to a halt within the range of his vision ahead. Veneziale v. Carr, 191 Pa.Super. 30, 155 A.2d 638 (1959).

█ From a review of the entire record of the case before us we cannot see that there remains in the case any genuine issue as to the negligence of the defendant, or of the imputation of any negligence to the minor plaintiff who was a guest passenger. Plaintiffs' evidentiary material consists almost entirely of the defendant's sworn answers to the interrogatories and the defendant's sworn testimony on deposition and raises no inferences favorable to the defendant from which a genuine issue as to his negligence can be raised. The defendant, in face of the plaintiffs' motion and the plaintiffs' evidence presented in support of the motion, has failed to produce for us any evidence from which we can find that there is a genuine issue.

█ Defendant argues that where proof of facts depend on oral testimony the issue must go to the jury even where the testimony is uncontradicted, because the jury must pass on the credibility of the testimony. Exner v. Safeco Insurance Company, 402 Pa. 473, 167 A.2d 703 (1961). However, this rule applies to cases where credibility is an issue and the party has the burden of proving his case by the preponderance of credible testimony. Woldow v. Dever, 374 Pa. 370, 97 A.2d 777 (1953). It is particularly true where the uncontradicted witness has an interest in the case which requires the jury to weigh his credibility. California Fruit Growers Exchange v. Henry, 89 F.Supp. 580 (W.D.Pa.1950), aff'd 184 F.2d 517 (3rd Cir.).

█ But this rule does not apply when there is no conflict in the evidence and no question of credibility. Gilmore to use of v. Alexander, 268 Pa. 415, 112 A. 9 (1920); Campagna v. Ziskind, 287 Pa. 403, 135 A. 124 (1926). Where the facts are admitted and established beyond all controversy there is no necessity for

submission to a jury, and it is within the province of the court to declare the law applicable to such facts. St. Louis Fire and Marine Ins. Co. v. Witney, 96 F.Supp. 555 (M.D.Pa.1951). Where the facts are admitted by the defendant, as here, it is the duty of the court to declare the law applicable. Anthony Wayne Terrace Housing Assoc. v. Bedio, 186 Pa.Super. 335, 142 A.2d 482 (1958).

We are mindful of the doctrine frequently stated in the federal cases that summary judgment under Rule 56 is not ordinarily granted in negligence actions. 6 Moore's Federal Practice, ¶56.17 [42]. This is probably so because in most cases the facts upon which negligence are predicated are in dispute. But the result in such cases depends upon whether there is a genuine issue of material fact. (See Annotation 50 A.L. R.2d 1309).

In American Airlines v. Ulen, 186 F. 2d 529 (D.C.Cir.1949), summary judgment in a negligence action on the issue of liability only was given for the plaintiff based on the defendant's answers to interrogatories.

In Elasky v. Pennsylvania Railroad Co, 215 F.Supp. 25 (N.D.Ohio 1962), summary judgment was granted to plaintiff on the issue of liability based on testimony of an eye-witness produced on deposition as to the circumstances of an automobile accident. The Court stated:

"There is no evidence in the record that contradicts or qualifies the above testimony which indicates clearly that the accident was due solely to the negligence of (defendant's employee)." (p. 26)

\* \* \* \* \* \*

"A fair evaluation of the evidentiary facts in the light of the applicable law compels an affirmative finding." (p. 28)

Defendant cites Union Carbide Corporation v. Hicks Express, 162 F.Supp. 612 (D.C.Del.1958), which was a case arising in Delaware under a rule of law similar to the Pennsylvania rule of "assured clear distance." The court there denied summary judgment.

The court recited that the rule in Delaware is applied with caution, considering the surrounding circumstances. Because the case before it involved a situation of reduced visibility because of a severe storm, the court found a genuine issue as to negligence. The Court held:

"A motion for summary judgment is granted reluctantly and only in very clear cases. In the light of the state of the Delaware law on this point, it is my conclusion that defendant's first ground for judgment must be denied." (p. 613)

In any event, it is the duty of the defendant in this case to controvert the evidence which plaintiff has provided in support of his motion by evidence which raises a genuine issue. As was stated in United States for Use of Kolton v. Halpern, 260 F.2d 590 (3rd Cir.1958):

"No facts in opposition to plaintiffs' claim were stated but only speculations and conclusions. \* \* \* "

" \* \* \* since the allegations of the complaint were categorically supported by facts stated specifically on personal knowledge in the plaintiffs' supporting affidavit and not rebutted, the record did not disclose a genuine issue as to any material fact." (p. 591)

For the reasons assigned above, the motion for partial summary judgment is granted. An appropriate order will be entered.