**Bernee Lynn KRYNICKI**

v.

**William A. WILD et al.**

**Civ. A. No. 70–2481.**

United States District Court,
E. D. Pennsylvania.

Feb. 3, 1972.

James E. Beasley, Philadelphia, Pa., with him on the brief, Beasley, Hewson, Casey, Kraft & Colleran, Philadelphia, Pa., for plaintiff.

Waters, Fleer, Cooper & Gallagher, Norristown, Pa., for defendants.

### MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

Helen M. Wild, a passenger in an automobile driven by her husband, which became involved in an accident allegedly causing injuries to the plaintiff, has moved for summary judgment, arguing that no master-servant relationship existed between her husband and herself, such relationship being required under Pennsylvania law to give rise to imputed liability. Plaintiff alleges that Mr. Wild was operating the vehicle as the servant, agent or employee of his wife, within the scope of his authority, although the automobile involved was owned by a corporation a party to this action.

It has long been the Pennsylvania rule that in the absence of any control over an automobile, or a voice in its operation, a driver's negligence cannot be imputed to a passenger therein unless the evidence justifies a finding that the passenger shared a right of control of the vehicle at the time of the accident, Baugh v. McCallum, 140 Pa.Super. 276, 14 A.2d 364 (1940); whether or not the driver and passenger were engaged in a joint enterprise at the time. Rodgers v. Saxton, 305 Pa. 479, 158 A. 166 (1931).

In the more recent case of Smalich v. Westfall, 440 Pa. 409, 269 A.2d 476 (1970), the Commonwealth's highest court reappraised its former positions with regard to passengers.

In essence, we now recognize that, contrary to what we have said in many prior automobile accident cases, only one of the three relationships discussed above, that of master-servant, gives rise to vicarious liability for negligence. Perhaps many of the harsh results sometimes associated with the imputation of contributory negligence can be attributed to our mistaken assumption that a principal is vicariously liable for the negligent acts of his agent. We therefore now state unequivocally that only a master-servant relationship or a finding of a joint enterprise will justify an imputation of contributory negligence. *Id.* at 415–416, 269 A.2d at 481 (Footnotes omitted).

Mrs. Wild relies upon this case to compel the granting of the summary judgment. We feel, however, that the case can be distinguished. Smalich v. Westfall, *supra*, dealt with the question of whether or not a *passenger is precluded from recovery* because of the imputed negligence of another. Similarly, the case of Frankel v. United States, 321 F.Supp. 1331 (E.D.Pa.1970), in which this Court adopted Smalich v. Westfall, *supra*, was concerned with a possible bar of the plaintiff.

Mrs. Wild testified at her deposition that immediately before the collision, as her husband approached an intersection, she was looking in both directions in an attempt to assist him in the crossing. Notes of Deposition, p. 16.

"[A] guest who undertakes to aid in driving a car by observing traffic conditions for the benefit of the driver cannot escape responsibility for an accident brought about by his own negligent directions." Garis v. Lehigh & New England R. R. Co., 324 Pa. 149, 153, 188 A. 76, 78 (1936).

While we intimate nothing with regard to whether or not Mrs. Wild's

directions contributed to the accident, we note only that they were given immediately before the occurrence, and that an issue of fact has been raised which should be decided by a jury, making the granting of summary judgment inappropriate. See, *e.g.* Block v. Biddle, 36 F. R.D. 426 (W.D.Pa.1965).[1]

---

1. While it is not binding, we are mindful of, and note, the frequently stated position that summary judgment is not ordi-

narily granted in federal cases which are negligence actions. 6 J. Moore Federal Practice, ¶ 56.17 [42].