Dissenting Opinion by
Packel, J.:
If an operator of a motor vehicle can only see 200 feet ahead of him, his speed must be such that he can come to a stop within 200 feet. The maintenance of such a relationship between speed and visibility is mandated by the assured clear distance rule.[1] The Supreme *219 Court in Enfield v. Stout, 400 Pa. 6, 11, 161 A. 2d 22, 25 (1960) made the following statement which has been subsequently quoted time and again: “For many years under the law of Pennsylvania it has been the rule that the driver of an automobile on a public highway must be alert to have it under such control that he can stop it within the ‘assured clear distance ahead! This requires that the driver operate his automobile at such a rate of speed and in such a manner that he can always stop it within the distance that he can clearly see: Metro v. Long Transportation Company, 387 Pa. 354, 127 A. 2d 716 (1956). By this is meant the range of the driver’s vision which, of course, in darkness is the scope of his headlights: Weibel v. Ferguson, 342 Pa. 113, 19 A. 2d 357 (1941).” In Griffith v. Weiner, 373 Pa. 184, 187, 95 A. 2d 517, 518 (1953), the following statement was made which also has often been quoted by the Supreme Court: “What this distance will be will vary according to the visibility at the time and other attending circumstances.”
If within the visible distance there is another vehicle, the assured clear distance rule is not applicable. This was pointed out by Judge Cercone in Holleran v. Verhovsek, 220 Pa. Superior Ct. 343, 349, 287 A. 2d 145, 148 (1971) : “The lower court properly distinguished the McElroy case, supra; that case and many of the other cases cited by plaintiff in support of his contention that there was a sudden emergency, are cases where a moving vehicle suddenly darted across plaintiff’s path. In factual situations such as that, we are in agreement that the assured clear distance rule would not apply.” A terse reiteration of the inapplicability of the rule where the other vehicle is within the assured clear distance appears in Mihalic v. Texaco, Inc., 377 F. 2d 978, 983 (3d Cir. 1967): “Where an obstacle moves into the driver’s path within a distance short of the assured clear distance, and he is unable to *220 stop, the driver is, of course, beyond the scope of the prohibition.”
The cases make clear that when there is another vehicle within the visible distance other rules become applicable. In McCormick Transp. Co. v. P.T.C., 161 Pa. Superior Ct. 533, 536, 55 A. 2d 771, 773 (1947) for example, the Court points out: “In determining whether or not the plaintiffs driver in approaching the intersection was using reasonable care, it must be borne in mind that a driver having the right of way may assume within reasonable limits that one approaching on an intersecting road or street will obey the law and give him the right of way (McNulty v. Horne Co., 298 Pa. 244, 148 A. 105) and he would not be chargeable with contributory negligence merely because he failed to anticipate the negligence of the other driver.” Likewise, in Jones v. Williams, 358 Pa. 559, 564, 58 A. 2d 57, 59-60 (1948), the Court stated the test in this type of case as follows: “Jones cannot be adjudged negligent for committing himself to the intersection, for with a ‘Stop Sign’ facing the truck before it got into the intersection he had a right to assume that no vehicle coming from the left into the intersection would enter the intersection at a speed of 16 or 18 miles an hour. Jones’ only error was his reliance on the belief that the ‘Stop Sign’ would be heeded. The assumption that another driver will obey the traffic rules cannot be adjudged negligent unless the person making the assumption has timely warning that his confidence in the other’s lawabidingness is misplaced.”
The record in the instant case shows that the visibility was at least 100 feet.[2] The testimony also shows that the appellant driver saw the other vehicle some 70 feet away. This situation is not unlike that in *221 Fleischman v. Reading, 388 Pa. 183, 186, 130 A. 2d 429, 431 (1957), where the Court stated: “In the case at bar, Fleischman did have an assured clear distance ahead of him even when he saw the light on the defendant’s truck 100 feet away. It was only when the truck moved into the plaintiff’s path of travel, that the assured clear distance became unassured. By this time, however, fate’s course had been shaped beyond man’s alteration.” Nonetheless, the court below in the instant case made the following charge, which was objected to: “. . . you are not permitted to drive at a speed greater than will permit you to stop within the assured clear distance ahead. Now that is a firm and fast rule and I am sure that you drivers have violated that frequently, and so have I. I know you are going along at night and you assume the highway is going to be clear and your headlights show 150, 200, 250 feet ahead; you are going 60 miles an hour, you can’t stop in that 200 feet maybe, and if you hit something you are not driving within the range of your headlights or within the range of the assured clear distance ahead.” At the very least, the charge, because of its inapplicability to the facts of this case, was confusing and prejudicial. A like situation existed in Adley Express Company, Inc. v. Willard, 372 Pa. 252, 257-258, 93 A. 2d 676, 679 (1953) : “On a through-traffic four-lane highway there is not imposed upon a motorist the care required in travelling upon an ordinary two-way road with intersecting streets. To hold otherwise would thwart the purpose of through highways to facilitate traffic. Cf. McCormick Transportation Co. v. Philadelphia Transportation Co., 161 Pa. Superior Ct. 533, 539, 55 A. 2d 771.
“If the court had in mind the rule prescribed by statute that a motorist must have his car under such control as to stop ‘within the assured distance ahead’, this rule was not applicable. There was no sign of *222 danger which was reasonably likely to arise under the circumstances here . . . The court in the instant case charged the jury as to the law applicable to a situation not supported by the facts and the plaintiff was unjustly prejudiced thereby.”
The judgment should be reversed and a new trial awarded.
Jacobs, J., joins in this dissent.

 The Vehicle Code, Act of May 1, 1929, P. L. 905, 973, §1002, as amended, 75 P.S. 1002, provides in part: “. . . no person shall drive any vehicle upon a highway ... at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead.”

 The appellee driver said it was at least 100 to 150 feet and the appellant driver said it was 200 to 360 feet.